Appellants, John Kilby and Janet Kilby, separately appeal from a decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of their minor child, Janice, to Butler County Children's Services Board ("BCCSB"). We affirm.
John and Janet were married in 1995. On January 10, 1995, Janet was convicted of complicity to gross sexual imposition and child endangering. The convictions arose from the digital penetration of the victim's vagina. The victim was Janet's twenty-day old niece, and the niece required reconstructive surgery as a result of the offenses.
Based upon Janet's convictions, BCCSB filed a complaint on October 21, 1996, alleging that the Kilby's unborn child was a dependent child as defined in R.C. 2151.04. On October 22, 1996, Janice was born, and the trial court entered an ex parte order granting temporary custody to BCCSB.
On November 1, 1996, a shelter care hearing was held. The trial court granted temporary custody to John contingent upon him making appropriate plans to care for Janice. The order for temporary custody was to take effect on November 8, 1996, provided that John submitted an appropriate plan to BCCSB and Janet moved out of the home. The trial court also ordered that both John and Janet complete a psychological evaluation.
On November 5, 1996, John informed BCCSB that he recently started working evenings at Taco Bell and could not find anyone to care for Janice while he was working. On November 7, 1996, BCCSB filed a motion to vacate the order granting temporary custody to John because he had failed to prepare an appropriate plan to care for Janice. The trial court subsequently vacated the order awarding temporary custody to John and granted temporary custody to BCCSB.
In December 1996, Dr. Charles Lee, a psychologist with Children's Diagnostic Center, completed psychological evaluations of John and Janet. Based upon his evaluations, Dr. Lee found that both John and Janet were extremely immature and had cognitive limitations that would prevent them from learning and acquiring parenting skills. Therefore, Dr. Lee concluded that neither John nor Janet was capable of parenting at that time or in the foreseeable future and recommended that BCCSB pursue permanent custody of Janice.
On January 10, 1997, BCCSB filed a motion for permanent custody. On May 15, 1997, John and Janet stipulated to dependency and the trial court issued a decision adjudicating Janice dependent. The trial court continued disposition until August 22, 1997 so John and Janet could obtain additional services to work toward reunification with Janice.
The dispositional hearing was held on August 22, 1997. On November 14, 1997, the trial court issued a decision that granted BCCSB's motion, awarded permanent custody to BCCSB, and terminated John and Janet's parental rights.
On appeal, John assigns a single assignment of error asserting that the trial court's decision to grant permanent custody to BCCSB was not supported by clear and convincing evidence. Janet assigns two assignments of error, asserting that the trial court erred by (1) finding that BCCSB made reasonable efforts to prevent the need for Janice to live outside of the Kilby's home, and (2) terminating her parental rights and granting permanent custody to BCCSB. Since all of the assignments of error are related, we will consider them together.
If a child is adjudicated a dependent child, a court may grant permanent custody to an agency if the court determines, by clear and convincing evidence, that permanent custody is in the child's best interest and the child cannot or should not be placed with either of his parents within a reasonable time. R.C. 2151.353(A)-(4); R.C. 2151.414(B)(1). Clear and convincing evidence is that which will "`produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368, quoting Cross v. Ledford (1954), 61 Ohio St. 469, paragraph three of the syllabus.
A court must find that a child cannot or should not be placed with a parent within a reasonable time if the court finds, by clear and convincing evidence, that one or more of the statutory factors in R.C. 2151.414(E) exist. Of relevance to the present case is R.C. 2151.414(E)(1) which provides:
 Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
The record contains clear and convincing evidence that John and Janet have continuously and repeatedly failed to substantially remedy the conditions that caused Janice to be placed outside of their home despite reasonable case planning and diligent efforts by BCCSB. Janice was removed from the Kilbys because of Janet's criminal convictions, and Dr. Lee's opinion was that both John and Janet lacked the ability to parent. Janet never received any sex offender treatment, and both John and Janet failed to utilize services and improve their parenting skills.
After the removal of Janice, BCCSB referred John and Janet to Catholic Social Services ("CSS") for parenting classes. In January 1997, John and Janet registered for a parenting course that consisted of six classes. John only attended three classes and Janet only attended one class. The coordinator of the parenting education course testified that neither John nor Janet successfully completed the course and it was not possible to determine whether their parenting skills had improved.
At the adjudicatory hearing on May 15, 1997, the trial court discussed additional services and treatment that John and Janet could obtain prior to the dispositional hearing in order to facilitate reunification. BCCSB provided John and Janet with documents indicating the services that were available to them, including sexual offender treatment for Janet, individual counseling and parenting classes through CSS, and a Developmental Living Skills ("DLS") program. BCCSB agreed to arrange any referrals that were necessary for the services that John and Janet utilized.
John and Janet subsequently enrolled in the DLS program. A DLS report was prepared on August 13, 1997 and submitted at the dispositional hearing. The report indicates that although Janet made an effort to cooperate and learn parenting skills, her parenting skills were still weak and needed further improvement before visitation could even be extended. Further, the DLS report stated that John refused to cooperate or learn any parenting skills throughout the program. As a result of John's attitude, services under the program were terminated.
In June 1997, John and Janet also began treatment with Ellen Briggs, a clinical social worker at CSS. However, Briggs testified that the treatment did not address any parenting issues. Instead, the treatment focused on the Kilbys' anger over the removal of Janice. Thus, Briggs testified that she did not have an opinion concerning the ability of John and Janet to parent.
From November 1996 to August 1997, John and Janet had supervised visitation with Janice. A social worker with BCCSB observed these visits and testified that John refused to accept suggestions and failed to develop any parenting skills over this period. The social worker's testimony further reveals that although Janet made some progress, Janet still had weak parenting skills and Janice could not be safely placed in her custody.
Based upon the foregoing, we find that John and Janet have failed continuously and repeatedly to substantially remedy the conditions that caused Janice to be placed outside their home despite reasonable case planning and diligent efforts by BCCSB. Accordingly, the record supports the trial court's determination that Janice cannot or should not be placed with John and Janet within a reasonable time.
John and Janet also argue that the evidence was insufficient to support the trial court's determination that it was in Janice's best interest to grant permanent custody to BCCSB. In determining the best interest of a child, R.C. 2151.414(D) provides that a court must consider all relevant factors, including the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
The record contains clear and convincing evidence that it was in Janice's best interest to grant permanent custody to BCCSB. Since Janice was born, John and Janet have only had one hour of supervised visitation per week. The testimony at the dispositional hearing indicates that John and Janet had minimal interaction with Janice during these visits and that Janice did not develop a bond with them. Further, the guardian ad litem recommended that it was in Janice's best interest to grant permanent custody to BCCSB. Finally, the evidence presented indicates that Janice's foster family is interested in adopting her, and a permanent and stable home for Janice cannot be achieved without permanent custody being granted to BCCSB. Accordingly, we find that clear and convincing evidence supported the trial court's determination that permanent custody was in Janice's best interest.
Based upon the foregoing, we conclude that the trial court's decision to grant permanent custody to BCCSB was supported by clear and convincing evidence. John and Janet's assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.