In RE ADOPTION OF HOLCOMB ET AL.
IN RE ADOPTION OF BRADFORD ET AL.

[Cite as In re Adoption of Holcomb (1985), 18 Ohio St. 3d 361.]

(Nos. 84-1345 and 84-1755—Decided August 7, 1985.)

*Condo, Walsh, Schiavone & Miller Co., L.P.A.,* and *Fred Miller,* for appellant in case No. 84-1345.

*Mary G. Nash & Associates, Mary G. Nash* and *Jennifer J. Batliner,* for appellee in case No. 84-1345.

*William C. Martin,* for appellee in case No. 84-1755.

*Cassity, Kelly & Goettke Co., L.P.A.,* and *Michael P. Kelly,* for appellant in case No. 84-1755.

WRIGHT, J. Today we are asked to evaluate R.C. 3107.07(A) in order to determine the legislature's intended meaning of the terms "communicate" and "without justifiable cause." Until now, this court has not taken the opportunity to appraise this statutory provision to establish when parental consent to adoption is or is not required under such facts as are presented herein. However, a number of appellate courts have assessed this provision in situations apposite to the case at bar. See *In re Adoption of Anthony* (1982), 5 Ohio App. 3d 60; *In re Adoption of Salisbury* (1982), 5 Ohio App. 3d 65; *In re Adoption of Hupp* (1982), 9 Ohio App. 3d

128; *In re Adoption of Smith* (Apr. 22, 1981), Preble App. No. CA 287, unreported. These cases are instructive to our analysis.

R.C. 3107.07(A) states:

"Consent to adoption is not required of any of the following:

"(A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

This provision substantially modifies its predecessor, former R.C. 3107.06(B)(4), which authorized adoption without consent by a parent who "* * * willfully failed to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition * * *." Under the new provisions of R.C. 3107.07(A), a parent forfeits his or her right to object to an adoption if that parent failed to communicate with the child for the lesser period of one year prior to the filing of the adoption petition.

As applicable to the circumstances of the pending cases, R.C. 3107.07 (A) provides that consent by a parent to the adoption of his or her minor child by another is not required when the petition for adoption alleges, and the probate court concludes, that:

(1) the parent has failed to communicate with the child;

(2) for a period of at least one year immediately preceding the filing of the adoption petition;

(3) without justifiable cause.

Our reading of the statute indicates that the legislature intended to adopt an objective test for analyzing failure of communication "* * * against which probate courts might measure the degree to which a parent must have voluntarily abandoned his parental responsibility as a condition precedent to his having forfeited his parental rights." *In re Adoption of Anthony, supra,* at 62. The legislature purposely avoided the confusion which would necessarily arise from the subjective analysis and application of terms such as failure to communicate *meaningfully, substantially, significantly,* or *regularly.* See *In re Adoption of Hupp, supra,* at 130. Instead, the legislature opted for certainty. It is not our function to add to this clear legislative language. Rather, we are properly obliged to strictly construe this language to protect the interests of the non-consenting parent who may be subjected to the forfeiture or abandonment of his or her parental rights. *In re Adoption of Peters* (1961), 113 Ohio App. 173; *In re Adoption of Salisbury, supra; In re Schoeppner* (1976), 46 Ohio St. 2d 21, 24 [75 O.O.2d 12]. In light of these considerations, we believe that, pursuant to the explicit language of R.C. 3107.07(A), failure by a parent to communicate with his or her child is sufficient to authorize adoption

without that parent's consent only if there is a complete absence of communication for the statutorily defined one-year period.

This conclusion in no way condones the actions of the uncaring, unworthy, or unscrupulous parent who, after a period of sustained absence, makes an infrequent communication for the sole purpose of frustrating or preventing adoption. Rather, this determination pays due deference to the legislature's intended protection of the fundamental liberty interest of natural parents in the care, custody and management of their children. *Santosky* v. *Kramer* (1982), 455 U.S. 745, 753.

We note that even if a parent has completely failed to communicate with his children during the prescribed period, his or her consent to adoption nevertheless may be required if there exists justifiable cause for the failure of communication. Typically, a parent has justifiable cause for noncommunication if the adopting spouse has created substantial impediments to that communication. The term "justifiable cause" is imprecise and has been variously defined by the courts below. In *In re Adoption of Hupp, supra,* the court held that significant interference with communication by a custodial parent was justifiable cause for failure to communicate by the non-custodial parent if it demonstrated that the failure to communicate was not voluntary and intentional. In *In re Adoption of Anthony, supra,* the threat of physical harm was deemed sufficient to constitute justifiable cause for non-communication. In fact, one of the appellate courts in the present case stated that in order to preclude a finding of justifiable cause, the non-custodial parent must have had "uninhibited access to the children if contact was desired." *In re Adoption of Holcomb* (June 25, 1984), Butler App. No. CA83-09-103, unreported.

Although these interpretations are not without some degree of merit, we do not believe that the legislature intended to give a precise and inflexible meaning to the term "justifiable cause," nor do we choose to adopt any such restricted definition now. For example, the meaning espoused in *Hupp* does not necessarily apply to those situations in which a non-custodial parent carelessly neglects to communicate with his or her children. The definition propounded in *Anthony* is also too limited. Conversely, the definition utilized by the appellate court below may be too broad in its implications as it potentially requires unlimited access to children which may supersede visitation privileges as defined and administered by the domestic relations courts.

We believe the better-reasoned approach would be to leave to the probate court as finder of fact the question of whether or not justifiable cause exists. *In re Adoption of McDermitt* (1980), 63 Ohio St. 2d 301 [17 O.O.3d 195]. The probate court is in the best position to observe the demeanor of the parties, to assess their credibility, and to determine the accuracy of their testimony. As guidance to the probate courts, we state additionally that *significant* interference by a custodial parent with communication between the non-custodial parent and the child, 'or *significant* discourage-

ment of such communication, is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child.

We are compelled to add a final note regarding the presentation of evidence and the standard of proof which must be satisfied thereby. This necessarily impacts upon both the trial court's assessment of the evidence and the applicable standard of review. Because cases such as these may involve the termination of fundamental parental rights, the party petitioning for adoption has the burden of proving, *by clear and convincing evidence,* that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication. *In re Adoption of Anthony, supra; In re Adoption of Hupp, supra;* cf. R.C. 2151.35.[2] No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable. The statute is not framed in terms of avoidance, but is drafted to require petitioner to establish each of his allegations, including failure of communication and lack of justifiable cause. *In re Adoption of Anthony, supra.* Furthermore, we emphasize that these allegations must be proven by clear and convincing evidence, which requires that the proof "* * * produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross* v. *Ledford* (1954), 161 Ohio St. 469 [53 O.O. 361], paragraph three of the syllabus. To preclude the possibility of confusion, we reiterate that issues regarding failure of communication and lack of justifiable cause are questions of fact for the probate court. Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof. *Id.* The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence.

We now return to the facts of the cases at bar.

### A

In case No. 84-1345, we agree with the court of appeals that "the parties have little, if any, affection for each other and, but for the children, would lead their separate lives without any mutual contact whatsoever." It is also apparent that respondent had no communication with her children, meaningful or otherwise, in the one-year period prior to the filing of the adoption petition. We are satisfied that petitioner proved, by clear

---

[2] R.C. 2151.35 provides, in pertinent part:

"If the court finds from *clear and convincing evidence* that the child is an abused, neglected, or dependent child, or finds beyond a reasonable doubt that the child is a delinquent or unruly child or a juvenile traffic offender, the court shall proceed immediately, or at a postponed hearing, to hear the evidence as to the proper disposition to be made under sections 2151.352 to 2151.355 of the Revised Code. If the court does not so find, it shall order that the complaint be dismissed and that the child be discharged from any detention or restrictions theretofore ordered." (Emphasis added.)

and convincing evidence, a failure of communication on the part of the respondent.

The case then turns upon whether respondent had justifiable cause for her failure to communicate. The court of appeals held that petitioner failed to prove by clear and convincing evidence that respondent lacked justifiable cause for not communicating with her children. We agree.

The record reveals that the actions taken by petitioner and Holcomb significantly interfered with and discouraged respondent's numerous and varied attempts to establish communication with her children. Respondent was not provided with a telephone number or address for the children after petitioner and Holcomb had decided to move. Moreover, neither petitioner nor Holcomb provided such information to other persons who might have been in contact with respondent, even though they were fully capable of contacting respondent's parents at any time. Indeed, petitioner's chosen method of service upon respondent is characteristic of petitioner's desire to avoid contact with respondent at all costs. The move, the unlisted telephone number, and the refusal to supply information evince a significant, deliberate, and concerted effort by petitioner and Holcomb to interfere with respondent's communication with her children. Respondent's inability to obtain the address without a substantial investigatory effort, when viewed in conjunction with petitioner's refusal to provide even a scintilla of this information, establishes that there was justifiable cause for respondent's failure of communication. Petitioner's contention that respondent could have established communication if she so desired does not prove, by clear and convincing evidence, that there was no justification for respondent's lack of communication. The court of appeals properly reversed the probate court's decision to the contrary as being unsupported by clear and convincing evidence and we now affirm.

## B

In case No. 84-1755, the record shows that after three unsuccessful marriages, respondent and his ex-wife, Debra, have no interests in common except for their children. The record also shows that respondent paid little, if any, attention to his children after his final divorce from Debra. It is undisputed that respondent had no contact or communication with his children in the one-year period preceding the filing of the petition. We are, therefore, in agreement with the court of appeals that petitioner proved, by clear and convincing evidence, a lack of communication by respondent.

Thus, the outcome of this case depends upon whether respondent had justifiable cause for failing to communicate with the children. The court of appeals held that the petitioner had carried his requisite burden of proving an absence of justifiable cause for non-communication. Although it is a close case, we agree.

Our review of the record indicates that while petitioner and Debra were not desirous of having respondent communicate or visit with the

children, they did not significantly interfere with or discourage respondent from establishing such contact. Although respondent at all times knew the address and telephone number of his children, he made only one unscheduled, fortuitous attempt to contact them when they made an infrequent visit to respondent's home town. The record reveals that Debra arguably had good cause for declining respondent's request to visit at that time. During this entire period, respondent made no other effort to exercise his legal right to visitation. Debra and her present husband, the petitioner, both attest to this fact. They also testified, at least by implication, that they had not and would not have denied respondent his visitation privileges had he desired to exercise them. Respondent's primary contention was that he was threatened with arrest by Debra, under her authority as a state highway patrol officer, if he entered Jackson County for the purpose of visiting his children. The testimony of Debra, if given credence as it apparently was, tended to establish that no threats were made as to proper visitation, although she did admonish him with respect to his non-payment of child support. Without proof of such improper coercion, respondent can identify only one instance in which he was denied communication with his children. In light of both this consideration and the evidence proffered, we believe that petitioner and Debra established, by clear and convincing evidence, that they did not significantly interfere with or discourage respondent in his attempts to communicate with his children. Thus, although it is not entirely clear what standard of review was applied by the court of appeals,[3] our independent review of the record indicates that petitioner carried his burden of proving respondent's lack of justifiable cause for failing to communicate with his children.

In sum, the trial court's findings are supported by clear and convincing evidence. The consent of the respondent to the adoption, therefore, is not required, and the decision of the court of appeals is affirmed.

*Judgment in case No. 84-1345*
*affirmed.*
*Judgment in case No. 84-1755*
*affirmed.*

SWEENEY, LOCHER and DOUGLAS, JJ., concur.

CELEBREZZE, C.J., HOLMES and C. BROWN, JJ., concur in part and dissent in part.

---

[3] The court of appeals acknowledged that cases arising under R.C. 3107.07(A) are to be decided under a clear and convincing evidence standard. The appellate court, however, apparently applied a "manifest weight of the evidence test" upon appeal. To the extent it did so, its error is harmless in light of our independent review of the record.

CELEBREZZE, C.J., concurring in part and dissenting in part. I concur with paragraphs one, two and four of the syllabus, the first sentence of paragraph three of the syllabus, and the judgment in case No. 84-1755.

However, I dissent from the second sentence of paragraph three of the syllabus, which states, "The question of whether justifiable cause exists in a particular case is a factual determination for the probate court and will not be disturbed upon appeal unless such determination is unsupported by clear and convincing evidence."

With this sentence, the majority vests a reviewing court with authority to assume the trial court's role of weighing the evidence when matters of this nature are on appeal.

I also would dissent from the judgment reached in case No. 84-1345 as the result of applying this standard of review.

While I am in agreement in a large measure with the sentiments expressed by Justice Brown in his separate concurring opinion, I write separately to emphasize that with the second sentence of paragraph three of the syllabus, the majority has subversively, but expressly, adopted a new standard of review while paying lip-service to the principles underlying the old one.

The majority's bold new holding in this regard departs from the well-established principle that a trial court's determination on factual matters will not be reversed on appeal unless that determination is against the manifest weight of the evidence. Under this standard of review, we have consistently examined the record only to determine whether the evidence presented to the factfinder was such that reasonable minds could reach different conclusions on the facts in issue. If that was the case, we would not disturb the factfinder's determination. We have consistently applied this standard of review regardless of the burden of proof required at trial. See *State* v. *Thomas* (1982), 70 Ohio St. 2d 79, 80 [24 O.O.3d 150]; *S & M Constructors* v. *Columbus* (1982), 70 Ohio St. 2d 69, 73 [24 O.O.3d 145]; *State* v. *Black* (1978), 54 Ohio St. 2d 304, 308 [8 O.O.3d 296]; *State* v. *Swiger* (1966), 5 Ohio St. 2d 151, paragraph two of the syllabus; *Cross* v. *Ledford* (1954), 161 Ohio St. 469, 479 [53 O.O. 361]; *In re Adoption of Lewis* (1966), 8 Ohio St. 2d 25 [37 O.O.2d 376], paragraph two of the syllabus (standard applied in *In re Adoption of McDermitt* [1980], 63 Ohio St. 2d 301, 306 [17 O.O.3d 195]).

If this standard of review had been applied in case No. 84-1345, the appropriate inquiry would have been, "Was there sufficient evidence presented to the probate judge upon which he could conclude that petitioner had established lack of justifiable cause by clear and convincing evidence?" The record in this case is replete with evidence to support the probate judge's finding, and had the majority applied the traditional standard of review that finding would not have been disturbed. However, the majority abandoned this standard of review and assumed the trial court's role of weighing the evidence.

What is most disconcerting as well as incongruous is that the majority purports to recognize that "[t]he probate court is in the best position to observe the demeanor of the parties, to assess their credibility, and to determine the accuracy of their testimony."

Unfortunately, with the next stroke of the pen, the majority eliminates the standard of review which preserves this function. Due deference to the factfinder's unique position in assessing the evidence can only be achieved if reviewing courts do not usurp the trial court's role in determining factual matters. Apparently, the majority is only willing to afford that deference when it agrees with the trial court's result.

CLIFFORD F. BROWN, J., concurring in part and dissenting in part. I wholeheartedly approve of the standards adopted in today's decision and the excellent analysis in support thereof. I cannot approve, however, of the majority's application of those standards in its disposition of case No. 84-1345.

The majority itself correctly acknowledges that "the better-reasoned approach would be to leave to the probate court as finder of fact the question of whether or not justifiable cause exists." It further acknowledges that "[t]he probate court is in the best position to observe the demeanor of the parties, to assess their credibility, and to determine the accuracy of their testimony." Unfortunately, the majority then proceeds to affirm the court of appeals' judgment overturning the probate court's determination that no justifiable cause existed. This result is unwarranted.

The probate court repeatedly and specifically expressed its distrust of respondent's credibility. Therefore, the truth of her testimony regarding her allegedly diligent efforts to locate her children, and the obstacles thrown in her way, is subject to grave doubt. A review of the trial judge's closing comments clearly reveals that he was firmly convinced from the evidence that with a little sincere effort, respondent could easily have located and contacted her children. By imposing our view of the evidence over that expressed by the trial court, we violate the very standard of review enunciated in today's decision.

In *Cross* v. *Ledford* (1954), 161 Ohio St. 469, 477-478 [53 O.O. 361], this court commented that "[t]he degree of proof required is determined by the impression which the testimony of the witnesses makes upon the trier of facts, and the character of the testimony itself. Credibility, intelligence, freedom from bias or prejudice, opportunity to be informed, the disposition to tell the truth or otherwise, and the probability or improbability of the statements made, are all tests of testimonial value. Where the evidence is in conflict, the trier of facts may determine what should be accepted as the truth and what should be rejected as false. * * *" It is clear from the trial judge's comments that he considered respondent's testimony to be improbable, and his judgment should not be disturbed.

HOLMES, J., concurs in the foregoing opinion.