OPINION
Appellant, Tamisha Fetters, appeals from a decision of the Butler County Court of Common Pleas, Juvenile Division, granting permanent custody of her minor child, Breona Fetters, to the Butler County Children Services Board ("BCCSB"). We affirm.
Appellant and Ronald Fetters were married on appellant's fourteenth birthday, October 26, 1988. At the time of the marriage, the Fetters had a five-month-old child. Over the next six years, the Fetters had five more children. In November 1994 and March 1995, the Fetters' six children were alleged to be dependent and removed from the Fetters' home. See In the Matter of Fetters (May 28, 1996), Preble App. No. CA95-08-019, unreported. The Preble County Common Pleas Court, Juvenile Division, eventually determined that the Fetters' six children were dependent and granted permanent custody of them to the Preble County Children Services Board.
Breona is the Fetters' seventh child and was born on June 13, 1996.[1] On June 14, 1996, BCCSB filed a complaint alleging that Breona was a dependent child pursuant to R.C. 2151.04, and the trial court entered an ex parte order granting temporary custody to BCCSB. On June 18, 1996, a shelter care hearing was held and the trial court continued temporary custody to BCCSB. The trial court also ordered a psychological evaluations for the Fetters and granted supervised visitation to them.
On October 29, 1996, BCCSB filed a motion for permanent custody. After lengthy discovery and several pretrial hearings, adjudicatory hearings were finally held in July 1997. On October 10, 1997, the trial court issued a decision which found that Breona was a dependent child. A dispositional hearing was subsequently held, and the trial court issued a decision on November 19, 1997 that awarded permanent custody to BCCSB and terminated the parental rights of appellant and Ronald Fetters. Appellant appeals from this decision and raises a single assignment of error:
 THE TRIAL COURT'S DECISION TO GRANT BCCSB PERMANENT CUSTODY OF BREONA LEE FETTERS WAS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE.
In her assignment of error, appellant argues that the evidence was insufficient to support the trial court's determination that Breona could not or should not be placed with appellant within a reasonable period of time.[2] In addition, appellant argues that the evidence was insufficient to support the trial court's determination that it was in Breona's best interest to grant permanent custody to BCCSB.
If a child is adjudicated a dependent child, a court may grant permanent custody to an agency if the court determines, by clear and convincing evidence, that permanent custody is in the child's best interest and the child cannot or should not be placed with either of his parents within a reasonable time. R.C. 2151.353(A)-(4); R.C. 2151.414(B)(1). Clear and convincing evidence is that which will "`* * * produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368.
A court must find that a child cannot or should not be placed with a parent within a reasonable time if the court finds by clear and convincing evidence that one or more of the statutory factors in R.C. 2151.414(E) exist.[3] Of relevance to the present case are R.C. 2151.414(E)(1) and (2) which provide:
 (1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 (2) Chronic mental illness, chronic emotional illness, mental retardation, physical disability, or chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code;
The record contains clear and convincing evidence that appellant suffers from chronic mental illness and chronic emotional illness that makes her unable to provide an adequate permanent home for Breona. Dr. Joseph Cresci, a psychiatrist, and Dr. Roger Fisher, a clinical psychologist, both performed an evaluation of appellant's ability to parent. Dr. Cresci found that appellant possessed a borderline psychotic personality disorder that rendered her parenting ability "zero." Dr. Fisher also found that appellant possessed psychological problems that made her unable to parent. Moreover, both Dr. Cresci and Dr. Fisher testified that it was unlikely that appellant's disorders could be successfully treated. Thus, the record contains clear and convincing evidence that appellant, due to her mental and emotional problems, cannot provide an adequate home for Breona at the present time or within one year after the trial court held the adjudicatory hearing. Accordingly, we find that R.C.2151.414(E)(2) supports the trial court's determination that Breona cannot or should not be placed with appellant within a reasonable period of time.
The record also contains clear and convincing evidence that appellant has continuously and repeatedly failed to substantially remedy the conditions that caused Breona to be placed outside of appellant's home. Breona was removed from appellant's custody because of appellant's mental and emotional conditions that made appellant unable to provide an adequate home for her children. Appellant has a history of being transient and since Breona was removed; appellant moved from Butler County to several different addresses in Kentucky and Florida. As noted by the trial court, appellant's transient lifestyle has prevented her from ever receiving any meaningful treatment for her mental and emotional conditions and the record and case plans indicate that appellant did not receive any treatment after Breona's removal. Accordingly, we conclude that R.C. 2151.414(E)(1) also supports the trial court's determination that Breona cannot or should not be placed with appellant within a reasonable time.
Appellant also argues that the evidence was insufficient to support the trial court's determination that it was in Breona's best interest to grant permanent custody to BCCSB. In determining the best interest of a child, R.C. 2151.414(D) provides that a court must consider all relevant factors, including the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
The record contains clear and convincing evidence that it was in Breona's best interest to grant permanent custody to BCCSB. Appellant only had limited interaction with Breona during supervised visitation and failed to visit Breona after August 25, 1997. Thus, Breona has not developed a strong bond with appellant. In contrast, the record indicates that Breona adjusted well to her foster family, who are interested in adopting Breona, and has made a meaningful attachment to them. Further, the guardian ad litem recommended that it was in Breona's best interest to grant permanent custody to BCCSB. Finally, as previously discussed, appellant's mental and emotional conditions, along with her transient lifestyle, prevented her from providing a permanent and stable home for Breona. Thus, the evidence presented indicates that a permanent and stable home for Breona cannot be achieved without permanent custody being granted to BCCSB.
Accordingly, we find that the trial court's decision to grant permanent custody to BCCSB was in Breona's best interest and supported by clear and convincing evidence. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] The record also indicates that the Fetters have had an eighth child who is currently a ward of the state of Florida.
[2] Ronald Fetters has not appealed the judgment granting permanent custody to BCCSB and terminating his parental rights. Thus, we will only address the sufficiency of the evidence supporting the trial court's judgment as it relates to appellant.
[3] Appellant argues in her brief that the evidence was insufficient to support one of the eight statutory factors found in R.C. 2151.414(E). However, R.C. 2151.414(E) was amended, effective August 8, 1996, to include twelve statutory factors including "any * * * other factor the court considers relevant." Since this amendment became effective prior to the filing of the motion for permanent custody in the present case, appellant's reliance on the eight statutory factors contained in the former version of R.C. 2151.414(E) is misplaced. See In re Galyon (Sept. 29, 1997), Butler App. No. CA97-01-008, unreported.