JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In his single assignment of error, the defendant-appellant, Dwayne Haugabook, challenges the trial court's determination, following a hearing, that he is a sexual predator under the criteria set forth in R.C. 2950.09(B)(2). At the time of the hearing, Haugabook was serving a sentence of seven to twenty-five years after pleading guilty to aggravated burglary, felonious assault, and attempted rape. The charges were the result of an incident in which Haugabook, armed with a butcher knife, broke into the Clifton home of a twenty-year-old Xavier University student, threatened to kill her, and forced her at knifepoint to pull down her pants before vaginally raping her. At some point during the rape, the victim was able to grab the knife and was cut when a struggle ensued. Haugabook then fled from the residence.
Haugabook testified at the hearing that he was twenty-seven years old and heavily under the influence of marijuana and cocaine at the time of the rape. He testified that he did not know the victim. He testified also that since entering the correctional system in July of 1988 he had only recently undertaken (due to unavailability) a three-year program for sexual addiction. The state presented evidence of Haugabook's prior record, which was minor save for a previous burglary conviction, and a transcription of the grand-jury testimony.
The youthful age of the victim, and the display of cruelty inherent in Haugabook's use of a butcher knife, as well as the express threat to kill the victim unless she cooperated, combined with the predatory aspects of the early morning entry into the home of a stranger, are all sufficient, in our view, to produce a firm belief or conviction that Haugabook is likely to commit another sexual offense. Consequently, we hold that the trial court could have properly found by clear and convincing evidence that Haugabook is a sexual predator. R.C. 2950.09(B)(3); see In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, 620.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and SHANNON, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.