[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
Defendant-appellant Ned Robert Presley appeals his adjudication as a sexual predator pursuant to R.C. Chapter 2950. After a no-contest plea, Presley was convicted of two counts of attempted felonious sexual penetration and two counts of gross sexual imposition. After Presley's probation was revoked, he was sentenced to imprisonment for a period of three to fifteen years. Following a hearing held pursuant to R.C.2950.09(C) on February 29, 2000, the trial court found Presley to be a sexual predator.
In his first assignment of error, Presley contests the sufficiency of the evidence adduced to support the trial court's adjudication that he is a sexual predator. After reviewing the record, we hold that the trial court had sufficient information before it to produce a firm belief or conviction that Presley is likely to commit another sexual offense. The report of the presentence investigation, prepared and submitted for a November 1994 court appearance and later submitted at the sexual-predator hearing, disclosed that Presley was thirty-two at the time the first offense was committed. The report also showed that the female victims in this case were six years old and ten years old; that Presley had also, in 1988, been convicted of two counts of corruption of a minor, for which he had been sentenced to a term of imprisonment of one year; that he had been convicted of domestic violence in 1991; that he had been convicted of a theft less than $300 in 1989; that he had been convicted of drug trafficking in an amount less than bulk in 1987; and that he had been given a fine and charged costs for a public-indecency conviction in 1981. Presley provided no evidence that he had engaged in substantial rehabilitative efforts while in prison. Consequently, the court could have properly found by clear and convincing evidence that Presley is a sexual predator. R.C. 2950.09(B)(3); see In re Adoption of Holcomb
(1985), 18 Ohio St.3d 361, 368, 481 N.E.2d 613, 620; Cross v. Ledford
(1954), 161 Ohio St. 469, 120 N.E.2d 118, paragraph three of the syllabus.
In his second assignment of error, Presley asserts that the sexual-predator statutes violate the Ex Post Facto Clause of the United States Constitution. In his third assignment of error, he contends that the statutes violate the Retroactivity Clause of the Ohio Constitution. In his fourth assignment of error, he contends that R.C. Chapter 2950 violates his rights under the Equal Protection Clause of the United States Constitution. In his fifth assignment of error, he asserts violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions. Presley's constitutional challenges are without merit, as the Ohio Supreme Court has already upheld the constitutionality of R.C. Chapter 2950 against these very challenges. See State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570; State v. Williams (2000),88 Ohio St.3d 513, 728 N.E.2d 342. Accordingly, we overrule Presley's second, third, fourth, and fifth assignments of error.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.