[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Reese Howard Philpot appeals his adjudication as a sexual predator pursuant to R.C. Chapter 2950. After pleading guilty, Philpot was convicted of one count of rape, in violation of R.C. 2907.02, and one count of gross sexual imposition, in violation of R.C. 2907.05, both of which involved the seven-year-old daughter of his former wife. Following a hearing held pursuant to R.C. 2950.09(C) on April 13, 2000, the trial court found Philpot to be a sexual predator.
In his one assignment of error, Philpot contests the sufficiency of the evidence adduced to support the trial court's adjudication that he is a sexual predator. A sexual predator is a person who has "been convicted of or pleads guilty to committing a sexually oriented offense and is likely to engage in one or more sexually oriented offenses sometime in the future." R.C. 2950.01(E). The legislature has enumerated certain factors that are pertinent to a determination whether a person is a sexual predator. R.C. 2950.09(B)(2). Among the factors relevant here are the offender's age, the age of the victim, the nature of the offender's sexual conduct, whether the offender has participated in available programs for sexual offenders, and the offender's criminal history (including, but not limited to, sexual offenses).
After reviewing the record, we hold that the trial court had sufficient information before it to produce a firm belief or conviction that Philpot is likely to commit another sexual offense. A presentence-investigation report, which had a victim-impact statement attached, was submitted at the sexual-predator hearing without objection. Philpot was thirty-two years old when he committed the rape and gross sexual imposition against the victim, a seven-year-old girl. The victim was also the daughter of Philpot's former wife. While at his former wife's home, Philpot committed the offense at night while the victim's mother slept. The victim suffered bruises and tears in her vaginal area. One of the statements made by the arresting officer was that the victim was of borderline intelligence. As the Tenth District Court of Appeals has observed in State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, "The age of the victim is probative [of recidivism] because it serves as a telling indicator of the depths of the offender's inability to refrain from such illegal conduct." In the court's view, "The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable." Id.
Further, in the presentence-investigation report, Philpot's former wife asserted that he had been drinking at the time of the offenses against the child, that he had a history of alcohol abuse during their marriage, and that he had physically abused her. She had tried unsuccessfully to help him control his alcohol abuse. She also attributed the breakup of her marriage to Philpot's involvement with a fourteen-year-old girl, who later had his child. Philpot's criminal history included convictions for driving under the influence in 1973 and in 1978, as well as for carrying a concealed weapon in 1978, apparently while under the influence of alcohol, and for a probation violation in 1979, after he had been reported as drinking heavily and threatening his wife and child. Philpot had an unsuccessful history of compliance with court-imposed alcohol-treatment programs.
Other than Philpot's statement at the hearing that he had taken sexual behavior courses, the trial court was given no further details, such as the names or duration of the classes, attendance dates, or whether the classes were completed, to support a finding that Philpot had engaged in substantial rehabilitative efforts. Although alcohol abuse has been an important factor in Philpot's criminal history, there was no evidence that Philpot has made efforts to address that abuse. No other evidence on behalf of Philpot was presented to the trial court, nor were any witnesses called.
Accordingly, we conclude that the trial court could have properly found by clear and convincing evidence that Philpot is a sexual predator. R.C.2950.09(B)(3); see In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,368, 481 N.E.2d 613, 620; Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118, paragraph three of the syllabus.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Doan and Winkler, JJ.