[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Lawrence Hill appeals from the trial court's adjudication that he is a sexual predator. We overrule his assignment of error in which he contends that the evidence was insufficient to support the adjudication.
Hill was sentenced to an aggregate indefinite prison term of fourteen to seventy-five years on July 27, 1981, following his guilty plea to five counts of aggravated robbery and two counts of rape. Years later, he was returned to the trial court for a sexual-predator hearing. At the hearing on May 4, 2000, the trial judge, who was not the judge who had imposed the sentence, considered the indictment, an excerpt of the grand-jury testimony, and the statements of the prosecutor and defense counsel.
Hill's convictions involved separate criminal incidents. On April 10, 1981, he robbed a woman of her money and jewelry at gunpoint as she left her office, and then at gunpoint forced her to commit fellatio and vaginally raped her. On May 2, 1981, at a dry-cleaning store, he robbed a sixteen-year-old clerk of money and her jewelry and at gunpoint anally raped her. Hill admitted committing the aggravated robberies but denied culpability for the rapes. He offered no evidence to reflect rehabilitation in prison although his counsel represented that he was a model prisoner and had completed the Polaris sex-offender treatment program.
A "sexual predator" is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The burden is on the state to prove by clear and convincing evidence that a defendant is likely to engage in future sexually-oriented offenses. See R.C. 2950.09(B)(3). The General Assembly provides ten relevant factors for the trial court to consider in making its determination as to the sex offender's probability of future conduct. See R.C. 2950.09(B)(2). In making its determination, the trial court may consider reliable hearsay and is not bound by the rules of evidence. See State v. Cook (1998), 83 Ohio St.3d 404, 425,700 N.E.2d 570, 587.
Hill's two rape convictions involved sexually-oriented offenses as defined by R.C. 2950.01(D)(1). There was also evidence of four relevant factors for his classification as a sexual predator under R.C.2950.09(B)(2): one victim was sixteen years of age; there were multiple victims; Hill had displayed cruelty and made threats; and his crimes displayed a pattern of abuse toward his victims. The police labeled him "a one-man crime wave."
Sufficiency is a test of adequacy. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. After reviewing the record in its entirety, we hold that the trial court had sufficient evidentiary material before it to produce a firm belief that Hill was likely to commit another sexual offense. Consequently, the court could have properly found by clear and convincing evidence that he is a sexual predator. See In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, 620. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.