OPINION
Appellant, Wayne Paul, appeals from a judgment of the Montgomery County Common Pleas Court finding that he is a sexual predator.
On January 13, 1992, Mr. Paul pled guilty to seven sexual offenses which consisted of one count of attempted rape, two counts of gross sexual imposition, three counts of corruption of a minor, and one count of disseminating matter harmful to juveniles. The offenses arose out of inappropriate sexual behavior between Mr. Paul and four mentally handicapped males between the ages of thirteen and eighteen, who participated in the Special Olympics program where Mr. Paul was a coach. Mr. Paul was sentenced to incarceration for a period of six to fifteen years for these offenses and is currently incarcerated serving this time.
On March 23, 2000, the trial court conducted a sexual predator hearing, pursuant to House Bill 180. The trial court concluded by clear and convincing evidence on April 5, 2000 that Mr. Paul was a sexual predator and he filed this timely appeal of that determination.
The sole assignment of error is:
 THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A SEXUAL PREDATOR BY CLEAR AND CONVINCING EVIDENCE.
Mr. Paul argues that clear and convincing evidence did not exist to support the determination that he is a sexual predator. We disagree.
When reviewing a trial court's determination of an appellant's status under R.C. 2950.01, an appellate court must examine the record to determine whether sufficient evidence existed in the record to satisfy the required level of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, certiorari denied (1991), 499 U.S. 961; Cross v. Ledford (1954),161 Ohio St. 469, 53 O.O. 361. A determination that an offender is a sexual predator is required to be based on clear and convincing evidence. R.C. 2950.09(B)(3). "More than a preponderance of the evidence and less than evidence beyond a reasonable doubt," clear and convincing evidence is "the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved." State v. Ingram (1992), 82 Ohio App.3d 341, 346. If the trial court's decision is supported by clear and convincing evidence, it must stand. State v. Copes (Sept. 3, 1999), Montgomery App. No. 17483, unreported; see also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368.
A sexual predator is a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). A trial court is permitted to look at past behavior as an important indicator when attempting to determine an individual's propensity to engage in such behavior in the future. State v. Anderson (Oct. 18, 1999), Stark App. No. 99 CA 0143, unreported. In determining whether an offender is a sexual predator, the trial court may consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
As Mr. Paul pled guilty to seven offenses which constitute sexually oriented offenses under R.C. 2950.01(D)(1) (2)(a), Mr. Paul argues that the trial court's error was in finding that in the future he is likely to engage in a sexually oriented offense when insufficient evidence existed. In particular, Mr. Paul points to his advanced age, sexual offender rehabilitation programs he has taken, and Dr. Hrinko's forensic evaluation. Mr. Paul is sixty-two years old and relies on the body of scientific study which states that individuals are less likely to recidivate after their mid-thirties. However, Mr. Paul committed these seven sexual offenses in his late forties and early fifties, thus, the general rule which states sexual offenders are less likely to offend after their mid-thirties does not apply to Mr. Paul. Although Mr. Paul has pursued several rehabilitative programs for sexual offenders, this is only one factor the trial court may consider.
As for Dr. Hrinko's report, which placed Mr. Paul in a low likelihood of recidivism category, this report was based on the incorrect assumption that these offenses were Mr. Paul's first sexual offenses. Previously, Mr. Paul had been convicted of engaging in sexual conduct with an eighteen year old male resident of the Preble County Children's Home in 1985 and had received probation for five years. Yet, while on probation for the Preble County sexual offense, Mr. Paul began the current sexual offenses. Thus, Dr. Hrinko's report is unreliable and of limited evidentiary value as it was based on an inaccurate assumption.
Clear and convincing evidence exists to support the trial court's determination that Mr. Paul is a sexual predator. Mr. Paul engaged in a pattern of inappropriate sexual conduct with minors over a period of several years. Additionally, Mr. Paul's victims were particularly vulnerable as they were mentally handicapped and Mr. Paul held a position of authority over them as their Special Olympics' coach. Although the victims' ages ranged from thirteen to eighteen, the males' developmental ages were much lower, such as Brian Lanter, who although seventeen or eighteen years old, had a developmental age of a third grade student. Also, Mr. Paul utilized physical force to sexually offend at least one of his victims.
Moreover, Mr. Paul was previously convicted of sexually offending another boy while a Special Olympics coach and ordered to disassociate from any organization which would place him in a one on one relationship with juveniles as a condition of his five years of probation. Yet, Mr. Paul did not remove himself from the Special Olympics association but rather continued with the program and, though still on probation, began using his position to sexually offend other mentally handicapped males. Clearly, Mr. Paul was not discouraged from sexually offending by his previous conviction, which is strong evidence that he is likely to recidivate. Finally, Mr. Paul has preyed on several young disabled males in committing his sexual offenses, creating multiple victims, which also makes him likely to recidivate. Thus, clear and convincing evidence existed to support the trial court's determination that Mr. Paul was a sexual predator. The assignment of error is without merit and overruled.
The judgment of the trial court is affirmed.
FAIN, J. and GRADY, J., concur.