[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant John Phelps appeals his adjudication as a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual-predator statutes. The adjudication stemmed from an earlier jury trial in which he was found guilty of the rape and robbery of a woman he attacked at a charity event for children. On February 13, 1992, he was sentenced to a lengthy prison term.
Following a March 22, 2000, hearing, the trial court found that Phelps was a sexual predator. See R.C. 2950.09(C). Raising a single assignment of error, Phelps now contends that his sexual-predator adjudication is contrary to the manifest weight of the evidence presented at the hearing. At the hearing, held before the same judge who had presided at his trial and imposed his sentence, his counsel told the trial court that Phelps had completed in-prison programs for sexual offenders, and, on that basis, he claimed that Phelps was rehabilitated. See State v. Pryor
(Mar. 10, 2000), Hamilton App. No. C-990497, unreported.
After reviewing the record, including the evidence of the sexual offense committed upon the victim, which showed how she was lured to a cemetery by Phelps and his co-defendant, how she was tortured with threats that she would be killed, and how she was left naked to seek assistance, we hold that the trial court had sufficient evidentiary material before it to produce a firm belief or conviction that Phelps was likely to commit another sexual offense. Consequently, there was clear and convincing evidence that Phelps is a sexual predator. See R.C.2950.09(B); see, also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361,368, 481 N.E.2d 613, 620. The assignment of error is overruled.
We note, however, that the entry adjudicating Phelps a sexual predator, journalized on March 22, 2000, contains an arguable discrepancy. While the trial court modified the caption of the entry to reflect that Phelps had been found to be a sexual predator, the text of the entry, which provided an opportunity for the court to circle the appropriate adjudication — sexual predator, habitual sexual offender, or sexually-oriented offender — was not circled. But, the transcript of the proceedings leaves no doubt that the trial court adjudicated Phelps to be a sexual predator. Neither party to this appeal notes the discrepancy or contests the substance of the entry. In this case, we construe the trial court's March 22, 2000, entry to be precisely what it is captioned and journalized as — an entry adjudicating Phelps to be a sexual predator.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Winkler, JJ.