OPINION
David Palmer is appealing from the determination by the Montgomery County Common Pleas Court that he is a sexual predator.
In 1995, Palmer had been charged with seventeen counts of sexual abuse with two female minors, both under the age of thirteen at the time. In 1996, pursuant to a negotiated plea agreement, Palmer entered a no contest plea to charges of rape in counts three and five in exchange for dismissal of the remaining fifteen counts. He was found guilty and sentenced to consecutive terms of imprisonment in accordance with law. Following a hearing on April 7, 2000, the trial court determined Palmer to be a sexual predator, and Palmer timely appealed bringing the following two assignments of error:
 I. THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT ENTERED A JUDGMENT THAT APPELLANT BE CLASSIFIED AS A SEXUAL PREDATOR PURSUANT TO OHIO REVISED CODE SECTION 2950. WHERE SUCH JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE [sic].
 II. THE TRIAL COURT ABUSED IT'S DISCRETION WHERE IT ARBITRARILY ASSIGNED DISPROPORTIONATE WEIGHT TO THE FACTORS WHICH TEND TO WARRANT CLASSIFICATION AS A SEXUAL PREDATOR.
Both assignments will be considered together as they essentially raise the same question, that is whether sufficient evidence existed in the record to satisfy the trial court's determination pursuant to the required level of proof. A determination that an offender is a sexual predator is required to be based on clear and convincing evidence. R.C.2950.09(B)(3). More than a mere preponderance of the evidence but less than evidence beyond a reasonable doubt, clear and convincing evidence is the amount of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. State v. Schiebel (1990), 55 Ohio St.3d 71, 74. If the trial court's decision is supported by clear and convincing evidence, it must stand. State v. Copes (Sept. 3, 1999), Montgomery App. No. 17483, unreported; see also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368.
A sexual predator is a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). A trial court is permitted to look at past behavior as an important indicator when attempting to determine an individual's propensity to engage in such behavior in the future. State v. Anderson (Oct. 18, 1999), Stark App. No. 99 CA 0143, unreported. In determining whether an offender is a sexual predator, the trial court may consider the following factors:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
There is evidence in the record that the sexual molestation of the two female victims under the age of thirteen by Palmer extended over a period of probably four years. Tr. 18, 26, 27. He is the stepfather of one of the victims, and the other victim was his daughter's best friend. Tr. 17.
A senior probation officer with Montgomery County Court of Common Pleas Adult Probation Department, Mary K. Williams, testified that "the victims indicated they were afraid of him and did what they were told. He used force, also indicated that, and told them they'd better do it. Also we found out that he attempted to hire a prisoner in the Montgomery County Jail to kill his ex-wife and both victims. Tr. 19. Furthermore, he has not admitted guilt and according to his attorney at the hearing, he "still asserts his innocence." Tr. 48. The refusal to admit guilt or show remorse is a telling factor in that the defendant under such conditions would resist therapy and would not be deterred by guilt from further sexual misconduct. State v. Payne (Mar. 16, 2001), Montgomery App. No. 18515, unreported.
The trial court thoroughly explained its reasons for finding Palmer to be a sexual predator at the conclusion of the hearing. Tr. 50-51. The court was perfectly free to assign more weight to some of the factors which we have set forth above as against others. State v. Mollohan (Aug. 19, 1999), Washington App. No. 98 CA 13, unreported; State v. Goney (Oct. 23, 1998), Montgomery App. No. 16990, unreported.
We find that the trial court's determination that the appellant is a sexual predator is supported by clear and convincing evidence. Both assignments of error are overruled, and the judgment is affirmed.
 __________________ YOUNG, J.
BROGAN, J. and FAIN, J., concur.