[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant Anthony Acklin appeals from the judgment adjudicating him to be a sexual predator pursuant to R.C. Chapter 2950, Ohio's sexual-predator statutes. Acklin's classification as a sexual predator stemmed from an earlier trial in which he had entered a plea of guilty to attempted felonious sexual penetration of his four-year-old daughter, a sexually oriented offense. In 1994, Acklin was sentenced to an indefinite three-to-fifteen-year period of incarceration.
Following a May 4, 2000, hearing, the trial court found that Acklin was a sexual predator. See R.C. 2950.09(C). Raising a single assignment of error, Acklin now contests the sufficiency of the evidence presented at the hearing.
At the hearing, held before the same judge who had accepted his plea and entered sentence, the state offered into evidence the presentence investigation from the 1994 offense. Acklin orally informed the court that, while incarcerated, he had completed his GED, and was nearing completion of an associates' degree. He stated that he was currently enrolled in the Monticello sexual-offender program. On these bases, he claimed that he was rehabilitated. See State v. Pryor (Mar. 10, 2000), Hamilton App. No. C-990497, unreported. We note that Acklin did not seek a continuance to obtain evidence of his completion or participation in these programs. See, e.g., State v. Glover (Feb. 16, 2001), Hamilton App. No. C-000396, unreported.
After reviewing the record in its entirety, including Acklin's admission of digital penetration of his minor child, we hold that the trial court had sufficient evidentiary material before it to produce a firm belief or conviction that Acklin was likely to commit another sexual offense. Consequently, the court could have properly found by clear and convincing evidence that Acklin is a sexual predator. See R.C. 2950.09(B); see, also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, 620. The assignment of error is overruled
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.