[Cite as *In re D.S.*, 2011-Ohio-6380.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| D. S. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| MINOR CHILD | : | |
| | : | Case No. 2011CA00169 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2011JCV0574

JUDGMENT: Affirmed

DATE OF JUDGMENT: December 12, 2011

APPEARANCES:

For Appellant

MARY G. WARLOP
116 Cleveland Avenue, NW
Suite 500
Canton, OH 44702

For Appellee

JERRY COLEMAN
221 Third Street, SE
Canton, OH 44702

*Farmer, J.*

{¶1}    On April 21, 2011, appellee, the Stark County Department of Job and Family Services, filed a complaint for permanent custody of D. S. born April 18, 2011, alleging the child to be dependent and/or neglected.  Mother of the child is appellant, Daneeca Strong; father is Donald Strong.  An amended complaint was filed on April 25, 2011.

{¶2}    On May 19, 2011, appellant filed a motion for legal custody of the child. On June 20, 2011, father also filed a motion for legal custody.  A hearing was held on June 27, 2011.  The trial court found the child to be dependent.  By judgment entry filed July 7, 2011, the trial court granted permanent custody of the child to appellee. Findings of fact and conclusions of law were filed same date.

{¶3}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}    "THE TRIAL COURT ERROR (SIC) BY FAILING TO COMPLY WITH R.C. 2151.28(L) WHEN ISSUING ITS DECISION."

II

{¶5}    "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT IT IS IN THE BEST INTEREST OF THE MINOR CHILD TO GRANT PERMANENT CUSTODY."

III

{¶6} "THE TRIAL COURT ERRED IN DETERMINING PERMANENT CUSTODY WHEN THE GUARDIAN AD LITEM HAD NOT SUBMITTED A REPORT TO COURT AND COUNSEL."

I

{¶7} Appellant claims the trial court erred in failing to comply with R.C. 2151.28(L). We disagree.

{¶8} R.C. 2151.28(L) states the following:

{¶9} "(L) If the court, at an adjudicatory hearing held pursuant to division (A) of this section upon a complaint alleging that a child is an abused, neglected, dependent, delinquent, or unruly child or a juvenile traffic offender, determines that the child is a dependent child, the court shall incorporate that determination into written findings of fact and conclusions of law and enter those findings of fact and conclusions of law in the record of the case. The court shall include in those findings of fact and conclusions of law specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child."

{¶10} Appellant argues the trial court's July 7, 2011 judgment entry fails to comply with the statute. Upon review of the trial court's accompanying Findings of Fact and Conclusions of Law filed same date, we find the trial court made extensive findings on the issue from the evidence presented during the hearing. Included are findings that an expert opined that appellant suffers from schizophrenia, delusions, and auditory and visual hallucinations, and her delusions interfere with her ability to parent. These facts

are set forth in Finding of Fact No. 8 and support the conclusion that the child is a dependent child.

{¶11} Assignment of Error I is denied.

II

{¶12} Appellant claims the trial court's decision on best interests was not proven by clear and convincing evidence given the strong bond that exists between her and the child. We disagree.

{¶13} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford* (1954), 161 Ohio St. 469, paragraph three of the syllabus. See also, *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361. "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* at 477.

{¶14} R.C. 2151.414(D) sets out the factors relevant to determining the best interests of a child. Said section states relevant factors include, but are not limited to, the following:

{¶15} "(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

{¶16} "(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

{¶17} "(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period***;

{¶18} "(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

{¶19} "(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

{¶20} Although appellant and father have filed separate appeals (Stark App. Case No. 2011CA00166), it is impossible to discuss the best interests of the child without discussing both parents, given the fact that they are now married.  T. at 10, 23-24.

{¶21} As noted in Assignment of Error I, appellant suffers from schizophrenia and her delusions affect her ability to parent.  Appellant refuses to accept the fact that father is a sexual offender who was convicted of gross sexual imposition for sucking the breasts of an eight year old child.  T. at 6-7, 10, 21, 45.  She steadfastly maintained her desire to stay with father and have him present in her life, home, and the child's life.  T. at 10-11.  Appellant has chosen father over her children in the past.  T. at 23.  She explained her reasoning as follows:

{¶22} "A. Yeah, but…as far as um…you telling me that I need to separate from my husband, that will be determinate that I should not be able to have to move away from my husband because of him not being able to have the rights to, for him to see his child.  That's disrespectful right there.  Because you all should have been already gave him a case plan and did not.  But yes, I will do what I have to do and you still give, didn't give me a case plan for [D.].  Because I've done everything for [D.], [D.], and [D.].

{¶23} "Q. Will you leave Mr. Strong today?

{¶24} "A. Why would I leave him today?

{¶25} "Q. I'm asking.

{¶26} "A. Why would I leave my husband today?

{¶27} "Q. Is that a no?

{¶28} "A. Why would I leave my husband?

{¶29} "Q. I get to ask the questions, not you.  Will you leave him today?

{¶30} "A. It don't make no sense.  Will you leave your husband to have your child?  And you know you love your husband dearly.  Now, would you do that?  No, you wouldn't, now would you?  Look at it on your behalf.  Would you leave your family in order to have a child that you have brung up in this world and even got a chance to bring 'em up, 'cause I even did nothing to the boy to be able to have a, a, a, a situation that I shouldn't even be around the dad.  Or to take care of my own, my own child.  She took my child up out of my hands, um…in the hospital." T. at 25.

{¶31} As part of father's probation, he is not to be around children.  T. at 11, 33, 61-62.  At the time of the hearing, there was a no contact order between father and the child.  T. at 33.  Appellant has had two other children removed from her custody

because of her mental illness. T. at 7, 18. Appellant admits to having no funds to care for herself or the child. T. at 26. It is clear from the testimony that appellant blames her failure to parent and not being financial secure on appellee and not herself. T. at 26-27.

{¶32} Dr. Amy Thomas, who evaluated appellant on two occasions, testified appellant would need psychiatric treatment to combat her schizophrenia which was "chronic and life long" and caused delusions and auditory and visual hallucinations; however, appellant did not believe she needed treatment. T. at 18, 43-44, 47-48. Dr. Thomas explained appellant's decision to marry father as follows:

{¶33} "A. ***Um....she believed that God directed her to marry the man she's now married, Mr. Strong. Despite her awareness that by marrying him or reconciling with him, she would likely lose custody of her two older children. She was very focused that a man comes first. Then woman, then children. Um…so, there were a lot of things that her religious (inaudible) really impaired her judgment." T. at 45.

{¶34} Dr. Thomas opined appellant was unable to protect her children, and questioned her ability to bond with the child. T. at 45, 47-48. Dr. Thomas also questioned father's ability to parent and to be "hyper-vigilant" given that he did not acknowledge appellant's mental issues and limitations. T. at 51.

{¶35} In reviewing the entire record, we find the trial court's decision on the best interests of the child to be supported by the testimony. Clearly appellant's extreme religious delusions, her inability to comprehend the seriousness of permitting a sexual offender to live in the home, and her choice to support the sexual offender over her child, are sufficient to support the trial court's determination.

{¶36} Assignment of Error II is denied.

III

{¶37}  Appellant claims the trial court erred in granting permanent custody when the guardian ad litem had not submitted a report to the trial court and counsel.  We disagree.

{¶38}  In its Conclusions of Law filed July 7, 2011, the trial court specifically stated the following:

{¶39}  "The Court has noted that the Guardian has recommended that permanent custody be granted however, given the fact that the report was submitted to counsel for the parents in an untimely fashion, the Court has not relied upon the Guardian ad Litem's report in making this determination of permanent custody."

{¶40}  Given the fact that the trial court did not consider the guardian's report, we find the arguments herein to be moot.

{¶41}  Assignment of Error III is denied.

{¶**42**} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES


SGF/sg 1129

[Cite as *In re D.S.*, 2011-Ohio-6380.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN THE MATTER OF: :
:
D. S. :
:
MINOR CHILD : JUDGMENT ENTRY
:
:
:
: CASE NO. 2011CA00169

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is affirmed. Costs to appellant.

_s/ Sheila G. Farmer_____

_s/ William B. Hoffman_____

_s/ John W. Wise_____

JUDGES