Appellant Shaun Virden ("Virden") brings this appeal from the judgment of the Crawford County Court of Common Pleas, Probate Division finding that Virden's consent was not necessary for the adoption of River Dylan Virden Shipman ("River") by his stepfather, Thad Bryant Shipman ("Shipman").
On August 16, 1997, River was born to Virden and Michelle K. Carman Shipman ("Carman"). Virden was granted companionship with the child. In October of 1999, Carman began to interfere with Virden's visitation. In June of 2000, Carman and Shipman, moved to a new residence and refused to give the new address to Virden. Virden then attempted to locate River, but was unsuccessful. Virden contacted the Crawford County Child Support Enforcement Agency ("CCSEA") and requested information on the whereabouts of the child. CCSEA later informed Virden that it had made contact with Carman, but she refused to give them permission to release her whereabouts.
On December 29, 2000, Shipman filed a petition for the adoption of River. Shipman claimed that Virden's consent was not necessary because he had not had contact with River in over a year. A hearing was held on March 26, 2001. The trial court then ruled that Virden had failed to show that he had justifiable cause for the failure to contact River for over a year and granted the petition for adoption. It is from this judgment that Virden appeals.
Virden raises the following assignment of error.
 The trial court erred in granting the petition for the adoption of River in that Shipman had failed to demonstrate by clear and convincing evidence an absolute lack of communication between Virden and River for the one-year period immediately preceding the filing of the adoption petition.
 The basic argument raised by Virden is that he did attempt to contact his child within the year prior to the petition for adoption, so his consent is required.
 Consent to adoption is not required of any of the following:
 (A) A parent of a minor, when it is alleged in the adoption petition and the court finds after proper service of notice and hearing, that the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.
 The issue of whether a lack of communication is justifiable was addressed by the Ohio Supreme Court in In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 481 N.E.2d 613. In Holcomb, the residential parent moved and did not provide the non-residential parent, or anyone with whom the non-residential parent had contact, with the new information. The Court held that this failure is a significant interference with the non-residential parent's ability to communicate. This interference negates the lack of communication and requires the consent of the non-residential parent for the adoption to occur.
Here, the adoption petition was filed on December 29, 2000. The trial court made a finding that no attempt had been made by Virden to see River in the year preceding the petition. Although the evidence clearly supports the conclusion that Virden has not seen his son since October 1999, it does not support the conclusion that he has not made any attempt to do so.
The testimony of Virden was that since October 1999, he had requested visitation with his child on several occasions, specifically around Thanksgiving and Christmas. Each of these requests was denied. Virden also testified that he called Carman in February 2000 and requested visitation, which was also denied. Subsequently, Virden returned to Ohio from Kentucky. After his arrival, Virden attempted to contact Carman only to learn that she had moved. Virden testified that he attempted to call Carman and was informed that the number was disconnected. Virden also testified that he checked with various members of Carman's family, but was unable to locate a new address. Finally, Virden requested the address and phone number from CCSEA. CCSEA informed Virden that they would request Carman's permission to release the information. Carman refused to permit the release of the information. Virden further testified that once he did learn Carman's location, he attempted to contact his son around Christmas in 2000, in January of 2001, and in February of 2001.
Carman testified that Virden had called a few days after Christmas in 1999, and left a message on the answering machine. She also testified that Virden had called in February 2000, requesting visitation, but she refused because she did not know the environment in which Virden was living at the time. When she moved, Carman testified that she sent a change of address to Virden at the last known address she had for him. However, she also admitted that she did not send the information to his mother and that she had refused CCSEA's request to release the address and phone number to Virden.
There is no question that Virden did not attempt to have a great deal of contact with his son in the prior year. However, this failure does not result in a complete absence of communication. The testimony of Carman establishes that Virden attempted to have contact with his son during the prior year, but she refused. Her testimony also indicates that she interfered with his ability to have contact by refusing to permit CCSEA to release her address and phone number to Virden or to any other family members. Additionally, Virden testified that he attempted to get visitation for Christmas 2000. Carman did not dispute this testimony.
Although the trial court may refuse to believe the testimony of the parties, to ignore all of the testimony when there is no conflicting evidence is arbitrary. Both parties testified that attempts at communication were made. Both parties also testified that Carman had refused to permit CCSEA to release the address and phone number to Virden. Given these facts, the trial court erred by finding a total lack of communication without justification for the one-year period prior to the filing of the petition for adoption. Thus, the trial court erred in granting the petition for adoption without the consent of the father. The assignment of error is sustained.
The judgment of the Crawford County Court of Common Pleas, Probate Division is reversed and the cause remanded for further proceedings.
SHAW and HADLEY, JJ., concur.