OPINION
Gary Reed Landis is appealing from a judgment of the Montgomery County Common Pleas Court finding that he is a sexual predator. He is assigning only one error, to-wit: that he "was denied his constitutional right of due process through constitutionally ineffective assistance of counsel."
As the State points out in its brief, Landis' counsel actually presents two issues under this one assignment of error. First, he argues the ineffective assistance of counsel issue. He then also requests this court to independently review the exhibits submitted by the State to the trial court to determine whether the State proved by clear and convincing evidence that Landis is a sexual predator. As such, counsel has failed to comply with App.R. 16(A)(7), but we have nevertheless reviewed the exhibits and will deal with the second issue first.
This was a case where there was no testimony at the hearing. The State submitted several documents to the court, including two House Bill 180 screening instruments, a presentence report from a previous conviction of Mr. Landis, copies of court documents from previous convictions, and two psychological evaluations, the latest being dated June 28, 2000. These were admitted collectively as exhibit 1 without objection. The State then presented its argument to the court, which is worthy of being repeated in full as follows:
 MS. HIETT: Yes, Your Honor. Just briefly, this Defendant has had prior convictions for two times for gross sexual imposition and also a prior conviction of sexual imposition. He's also received sex offender treatment at the Polaris program, but that was back in the early `80s — yes. It is after release of that program, after successfully completing that, he did go out immediately and reoffend.
 The Defendant is charged in this case with rape under thirteen. However, for the record, his victims have ranged in age of ten to sixteen over the years. And due to the fact, according to the psych report, that this is a cross-age group, the risk for recidivism is much higher; the fact that these were all boys, again the risk of recidivism is very high; and the fact that he had received this sexual offender treatment but then reoffended indicates another high risk for recidivism.
 The House Bill 180 Screening Instrument recommendation from Mary Williams of the Adult Probation Department is that the Defendant be designated a sexual predator, and the State concurs with that designation.
THE COURT: Thank you. Mr. Fierst?
 MR. FIERST: Your Honor, I'd just like to point out for the record that Mr. Landis has attended all the programs that he's eligible for. There's nothing else I wish to add at this time.
THE COURT: Okay. Thank you. Tr. 3-4.
In response to Mr. Landis' request, we have reviewed all the documents submitted as State's exhibit 1, and we find that they clearly substantiate the court's determination by clear and convincing evidence. Mr. Landis has a long history, from 1981 to 1994, of sexually abusing young male victims. He deliberately befriended young boys whose families neglected them either emotionally or physically, and he went out of his way in each case to provide attention and affection to his victims, as well as meeting some of the physical needs, such as buying clothes or food. In each case, he also ingratiated himself with the victims' adult caretakers, thus gaining the confidence and trust of their families. There were a number of victims for which there were no prosecutions, usually because of negotiated plea agreements.
His criminal history actually began in 1960 when at the age of twenty-three years he was convicted and sentenced for breaking and entering. In 1981, he was convicted of carrying a concealed weapon. After he was paroled from that sentence, he was convicted in 1982 of gross sexual imposition, which resulted in revocation of his parole for the carrying a concealed weapon case. In 1985, he was convicted of gross sexual imposition and, again, after released from prison he was convicted in 1994 of rape under thirteen years, which sentence he is still serving. There was also a gross sexual imposition case against him in Miami County in 1993, but there was no resolution to that case.
As we have stated, it is in his second argument under his sole assignment of error where Mr. Landis asks us to review all the documents, which we have done, and determine whether the State has proved by clear and convincing evidence that he is a sexual predator.
When reviewing a trial court's determination of an appellant's status under R.C. 2950.01, an appellate court must examine the record to determine whether sufficient evidence existed in the record to satisfy the required level of proof. State v. Schiebel (1990), 55 Ohio St.3d 71, certiorari denied (1991), 499 U.S. 961; Cross v. Ledford (1954),161 Ohio St. 469, 53 O.O.361. A determination that an offender is a sexual predator is required to be based on clear and convincing evidence. R.C.2950.09(B)(3). "More than a preponderance of the evidence and less than evidence beyond a reasonable doubt," clear and convincing evidence is "the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved." State v. Ingram (1992), 82 Ohio App.3d 341, 346. If the trial court's decision is supported by clear and convincing evidence, it must stand. State v. Copes (Sept. 3, 1999), Montgomery App. No. 17483, unreported; see also, In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368.
A sexual predator is a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.01(E). A trial court is permitted to look at past behavior as an important indicator when attempting to determine an individual's propensity to engage in such behavior in the future. State v. Anderson (Oct. 18, 1999), Stark App. No. 99 CA 0143, unreported.
We find that the information contained in the documents submitted to the court as exhibit 1 clearly support the sexual predator finding by clear and convincing evidence.
As to his stated assignment of error, that he was deprived of effective assistance of counsel, Landis argues that his counsel was ineffective because he presented no witnesses, and no mitigation evidence other than his counsel's simple statement that Landis has attended all the programs that he is eligible for: "Mr. Landis has attended all the programs that he's eligible for." Tr. 4. We have previously upheld a sexual predator finding when there was no testimony and no evidence except documents submitted to the court, which were very similar to the documents submitted to the court in the case sub judice. State v. Shockey (Feb. 9, 2001), Montgomery App. No. 18330, unreported.
To obtain a reversal on the basis of ineffective assistance of counsel, the defendant must prove that (1) in light of all the circumstances, counsel's performance fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding. Strickland v. Washington (1984), 466 U.S. 668, 687; State v. Madrigal (2000), 87 Ohio St.3d 387, 388-389. To establish the requisite prejudice, the defendant must show that there is a reasonable probability, a probability sufficient to undermine confidence in the outcome, that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, supra, at 694. A court reviewing a claim of ineffective assistance of counsel "must indulge in the presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 692; State v. Sallie (1998), 81Ohio St.3d 673, 674. To overcome the presumption, the defendant must show that counsel made errors so serious that counsel failed to function as counsel guaranteed by the Sixth Amendment. Strickland, supra, at 692.
As the State points out, this court in State v. Combs (Apr. 16, 1999), Miami App. No. 98 CA 42, unreported, stated: "[w]hile appellant argues that his counsel should have presented mitigating evidence, appellant fails to point out what evidence would have been beneficial to him in the hearing. Therefore, `[w]e do not know whether such evidence exists.'" Likewise, Landis presents no such evidence here, nor does he present what particular evidence could have been presented on his behalf that would have changed the outcome of the hearing. Thus, there is nothing before this court to suggest that Landis was prejudiced by his counsel's failure to somehow expand his statement that he had completed all the sexual offender courses that he was eligible for. In fact, if counsel had pursued the completion of those courses as mitigating factors, he would probably have simply emphasized the fact that the courses did not change Landis' behavior as he committed further acts of sexual imposition against young boys after at least some of the courses had been completed. As in the Shockey case, we find that counsel was not ineffective for not presenting any testimony on the particular facts of this case.
The sole assignment of error is overruled, and the judgment is affirmed.
WOLFF, P.J. and GRADY, J., concur.