JOURNAL ENTRY AND OPINION
{¶ 1} D.W.E. appeals from a juvenile court order awarding permanent custody of her minor child, S.W.E., to the Cuyahoga County Department of Children and Family Services ("CCDCFS"). She urges that the CCDCFS failed to prove by clear and convincing evidence that permanent custody was in the child's best interests and that she had not remedied the conditions that caused the removal of the child from her home. She also argues that CCDCFS did not make reasonable efforts to reunify her and her child. Finally, she contends the court abused its discretion by admitting and relying upon hearsay evidence. We find that clear and convincing evidence supported the trial court's determination that S.W.E. could not or should not be placed with his parents and that permanent custody was in the child's best interests. CCDCFS did not have to demonstrate reasonable efforts to reunify D.W.E. and S.W.E. in a proceeding for permanent custody. D.W.E. failed to demonstrate that the court admitted or relied upon hearsay evidence. Therefore, we affirm.
 {¶ 2} On September 13, 2006, CCDCFS filed a complaint for neglect, dependency and protective supervision of S.W.E. Thereafter, it filed a motion for an order of pre-dispositional temporary custody and amended the complaint to request temporary custody on the ground of dependency alone. The magistrate granted the motion for temporary custody in an order journalized on October 17, 2006. *Page 2 
 {¶ 3} On January 3, 2007, the court entered an order adjudicating the child to be dependent based upon the parents' admission to the allegations of the amended complaint. It again placed the child in the temporary custody of CCDCFS. The court continued the temporary custody placement in orders entered on April 2 and August 15, 2007.
 {¶ 4} The court held a dispositional hearing on February 4, 2008 and entered its order February 13, 2008 granting permanent custody of S.W.E. to CCDCFS. D.W.E. now appeals from this order.
 {¶ 5} In order to terminate parental rights and award permanent custody to CCDCFS, the trial court must find by clear and convincing evidence that (1) one of the conditions listed in R.C. 2151.414(B)(1)(a)-(d) exists, and (2) permanent custody is in the child's best interests. R.C. 2151.414(B)(1). "Once the clear and convincing standard has been met to the satisfaction of the [trial] court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof." In re Holcomb (1985), 18 Ohio St.3d 361, 368. The "clear and convincing evidence" standard "requires that the proof `* * * produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Id., quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus. *Page 3 
 {¶ 6} If the trial court finds clear and convincing evidence that a child cannot or should not be placed with the parents, the condition listed in R.C. 2151.414(B)(1)(a) has been met. R.C. 2151.414(E) requires a court to find that the child cannot or should not be placed with the parents if the court finds, by clear and convincing evidence, that one or more of the listed factors applies to each parent. The court in this case found that several of these listed factors applied: (1) the parents failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the home; (2) chronic mental illness, chronic emotional illness, mental retardation, physical disability or chemical dependency of the parent that is so severe that it made the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year; (3) the parent placed the child at substantial risk of harm two or more times due to alcohol or drug abuse and rejected treatment two or more times and refused to participate in further treatment two or more times after a case plan issued requiring treatment of the parent was journalized as part of a dispositional order issued with respect to the child; (4) the parent had parental rights terminated with respect to a sibling of the child;[1] and (5) the parent was unwilling to provide food, clothing, shelter and other basic necessities for the child or to prevent the child from *Page 4 
suffering physical, emotional or sexual abuse or physical, emotional or mental neglect.
 {¶ 7} D.W.E.'s second assignment of error challenges the court's determination that D.W.E. had not remedied the conditions which caused the removal of the child from the home. R.C. 2151.414(E)(1). Appellant's challenge to this finding is moot if we conclude that clear and convincing evidence supported the court's finding of other grounds for determining that the child could not or should not be placed with the parents.
 {¶ 8} Dr. John M. Fabian, a forensic psychologist, testified at the dispositional hearing. Dr. Fabian examined D.W.E. and concluded that she had an underlying psychotic disorder, perhaps delusional, although she was not exhibiting any psychotic behavior at the time of his evaluation approximately a year before the hearing. He noted that D.W.E. was very distrustful. At the interview, she told him she was going to ask the FBI to investigate CCDCFS regarding a conspiracy against her. She had exhibited some paranoid behavior in the past, as when she said she believed her children had implants which caused them to behave inappropriately, and shook one of her children to dislodge the implant. He further noted that she had some "non-bizarre fixed false beliefs that are not as bizarre as let's say someone with schizophrenia." These included her beliefs that the government was conspiring against her and that her family had called the national guard to have a signal sent through her television. She denied accountability or responsibility for the parenting *Page 5 
issues raised by CCDCFS. He testified that she lacked insight into her mental condition, and therefore would not be a good candidate for treatment, although he believed that she should have treatment. She refused to cooperate in providing psychiatric records. While her participation in parenting classes was "a step in the right direction," he was concerned about her ability to provide an appropriate environment for the child.
 {¶ 9} Dr. Fabian's testimony provides clear and convincing evidence to support the trial court's determination that D.W.E. had a chronic mental illness that was so severe that it made D.W.E. unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year from the date of the hearing. This determination, in itself supported the court's finding that the child cannot or should not be placed with her. Accordingly, we overrule the second assignment of error as moot.
 {¶ 10} D.W.E.'s first assignment of error argues that the CCDCFS failed to prove by clear and convincing evidence that permanent custody was in the child's best interests. In determining whether permanent custody is in the child's best interests, the court must consider all relevant factors, including but not limited to those listed in R.C. 2151.414(D):
 "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child; *Page 6 
 "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413
[2151.41.3] of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;
 "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 {¶ 11} The only factor D.W.E. discusses in her brief is the relationship between herself and the child, which the social worker described as appropriate. However, the court was not required to consider this one factor in isolation. "A child's best interests require permanency and a safe and secure environment. " In re Holyak (July 12, 2001), Cuyahoga App. No. 78890. D.W.E.'s mental condition, and her lack of insight into that condition, interfered with her ability to provide such an environment. On the other hand, there was testimony that the child was happy living with his caregiver (D.W.E.'s sister) and the caregiver's two daughters. S.W.E.'s *Page 7 
wishes could not be consulted, given his age. S.W.E. had lived with the caregiver almost his entire life, nearly sixteen months at the time of the dispositional hearing. The caregiver testified that she preferred to adopt S.W.E. rather than to get legal custody of him, because she believed it would be more stable and would give her a more authoritative position in the event that D.W.E. questioned her parenting decisions. She said she had observed conflicts between D.W.E. and another sister over parenting decisions regarding D.W.E.'s other two children and wanted to avoid such conflicts. This testimony provided ample clear and convincing evidence that permanent custody was in the child's best interests. Therefore, we overrule the first assignment of error.
 {¶ 12} In her third assignment of error, D.W.E. contends that the CCDCFS failed to prove that it made reasonable efforts to reunify D.W.E. and S.W.E., as required by R.C. 2151.419. "By its terms, R.C. 2151.419
applies only at hearings held pursuant to R.C. 2151.28, 2151.31(E),2151.314, 2151.33 or 2151.353. See R.C. 2151.419(A)(1). These sections involve adjudicatory, emergency, detention, and temporary-disposition hearings, and dispositional hearings for abused, neglected, or dependent children, all of which occur prior to a decision transferring permanent custody to the state. The statute makes no reference to a hearing on a motion for permanent custody. Therefore, `[b]y its plain terms, the statute does not apply to motions for permanent custody brought pursuant to R.C. 2151.413, or to hearings held on such motions pursuant to R.C. 2151.414.' In re A.C., [Clermont *Page 8 
App. No. CA2004-05-041], 2004 Ohio 5531, ¶ 30." In re C.F. (2007),113 Ohio St.3d 73, 2007-Ohio-1104, ¶ 41. Accordingly, we overrule the third assignment of error.
 {¶ 13} Finally, D.W.E. argues that the common pleas court improperly relied upon hearsay testimony. She points to three alleged hearsay statements which she claims were unduly prejudicial. First, D.W.E. complains that the court allowed Christina Jackson, a social worker employed by CCDCFS, to testify that D.W.E. told Jackson that D.W.E. was HIV positive. Second, D.W.E. contends that the social worker was improperly allowed to testify, over her objection, that D.W.E. had said her wrist was broken by the gravity in the wall. These were D.W.E.'s own statements and were being offered against her, so they are not hearsay. Evid. R. 801(D)(2)(a). Furthermore, the second statement was not offered for the truth of the matter asserted. Evid. R. 801(C). Finally, D.W.E. argues that the court should not have allowed her brother, George Evans, Jr., to testify that D.W.E. was schizophrenic. This statement is not hearsay. There is no indication that the court relied upon it, so appellant was not prejudiced by its admission.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., AND ANN DYKE, J., CONCUR.
[1] The state concedes that this finding was erroneous. S.W.E.'s siblings were placed in the legal custody of relatives; D.W.E.'s parental rights were not terminated. *Page 1