[Cite as *In re J.H.*, 2013-Ohio-1423.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| IN THE MATTER OF: | : | JUDGES: | |
| | : | W. Scott Gwin, P.J. | |
| | : | William B. Hoffman, J. | |
| J.H. AND J.H. | : | Patricia A. Delaney, J. | |
| | : | | |
| | : | Case No. 2012 AP 10 0062 | |
| | : | | |
| | : | | |
| | : | O P I N I O N | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from Tuscarawas County Court of Common Pleas, Juvenile Division, Case No. 12 JN 00383 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | April 4, 2013 |
| APPEARANCES: | |

For Appellant

Henry Harper - #A638-859
Chillicothe Correctional Facility
5500 State Route 104 North
P.O. Box 15802
Chillicothe, Ohio 45601

For Mother

JOHN A. GARTRELL
153 North Broadway
New Philadelphia, Ohio 44663

For Appellee

DAVID W. HAVERFIELD
Tuscarawas County Job &
Family Services
389 – 16th Street, S.W.
New Philadelphia, Ohio 44663

Guardian ad Litem

GERRIT DENHEIJER
121 East Main Street
Ravenna, Ohio 44266

*Delaney, J.*

{¶1} Appellant, H. H., appeals from the September 21, 2012, Judgment Entry of the Tuscarawas County Court of Common Pleas, Juvenile Division, finding J.H. and J.H. to be neglected and dependent children and ordering that they remain in the temporary custody of Tuscarawas County Job and Family Services.

## STATEMENT OF THE FACTS AND CASE

{¶2} J.H. (DOB 11/7/97) and J.H. (DOB 6/29/01) are the children of T.H. (mother) and appellant H.H. (father).

{¶3} On August 20, 2012, a shelter care hearing was held. At the time of the hearing, appellant was incarcerated. At the hearing, Jaime Grunder, a case manager with Tuscarawas County Job and Family Services ("TCJFS"), testified that she had received a call during the previous weekend from the Newcomerstown Police Department concerning the two children in this case. Grunder testified that the police had found one of the children, who was 14 years old at the time, outside after curfew at around 1:00 a.m. When he was asked why he was outside, the child testified that he had gotten into a fight with his mother, who was intoxicated, and that his mother had locked him out of the house. When the police spoke with the mother, who was belligerent and screaming, she indicated that she did not want the child in the house because he was a drug dealer. There was testimony that T.H. had an extensive history with Children's Services in Guernsey County and that there were concerns over alcohol and domestic violence. One of the children was on probation in Guernsey County. Grunder testified that the 14 year old had issues with violence.

**{¶4}** Pursuant to a Judgment Entry filed on August 21, 2012, the two children were placed in the emergency temporary custody of TCJFS. On the same date, a complaint was filed by TCJFS alleging that the two children were neglected, abused and/or dependent children.

**{¶5}** On August 31, 2012, appellant filed a Motion to Dismiss the Complaint, alleging that the complaint was meritless and was based on "no facts to support the frivolous, meritless, conduct of Jamie Grunde (sic)".

**{¶6}** An adjudicatory hearing was held on September 19, 2012. Appellant was not present at the hearing because he was still incarcerated. At the hearing, Crystal Lawless testified that she was employed in the intake unit at TCFJS and investigated allegations of child abuse and neglect. She was familiar with the two children in this case. Lawless testified that appellant was currently serving an eight (8) year prison sentence for weapons under disability and kidnapping and that there was a lengthy history of domestic violence by appellant against his wife. She further testified that appellant would be incarcerated until past the time the children reached the age of majority.

**{¶7}** At the hearing, the complaint was amended to dismiss the allegation of abuse and T.H., the mother, stipulated to the amended complaint. The trial court, as memorialized in a Judgment Entry filed on September 21, 2012, accepted the stipulation and found the children to be neglected and dependent children. The trial court also overruled appellant's Motion to Dismiss and ordered that the children remain in the temporary custody of TCJFS.

{¶8} Appellant now appeals from the September 21, 2012, Judgment Entry, raising the following assignments of error on appeal:

{¶9} "I. THE TUSCARAWAS COUNTY COURT OF COMMON PLEAS JUVENILE DIVISION; JUDGE LINDA A. KATE'S JUDGEMENT [SIC] IN CASE NO. J 12JN00383 WAS AN ERRONEOUS JUDGEMENT [SIC] (17c). A JUDGMENT ISSUED BY A COURT WITH JURISDICATION [SIC] TO ISSUE IT BUT CONTAINED AN IMPROPER APPLICATION OF LAW. THIS TYPE OF JUDGEMENT [SIC] IS NOT VOID, BUT CAN BE CORRECTED BY A TRIAL COURT WHILE THE COURT RETAINS PLENARY JURISDICITION [SIC] OR ON DIRECT APPEAL. THE COURT'S OVVERULING [SIC] ON THE APPELALANT'S-DEFEDNAT'S MOTION TO DISMISS DUE TO THE MANY O,R.C. [SIC] VIOLATIONS WAS IMPROEPR [ SIC]._

{¶10} "II. THGE [SIC] TUSCARAWAS COUNTY COURT OF COMMON PLEAS JUVENILE DIVISION; JUDGE LINDA A. KATE ABUSED THE COURT'S DISCRETION IN REMOVING THE CHILDREN FROM THEIR MOTHER, [T.H].; O.R.C. 2151.01 CONSTRUCTION PURPOSES 2151.28(B) TEMPORARY CUSTODY 2151,29 [SIC] (L) NO FINDINGS OF FACTS.

{¶11} "III. THE MANY VIOLATIONS ALLOWED TO BE VIOLATED IN THE TUSCARAWAS COUNTY COURT OF COMMON PLEAS JUVENIKLE [SIC] DIVCISION [SIC]: PRESIDING JUDGE LINDA A. KATE; O.R.C. 2151.03, O.R.C. 2151.04, O.R.C. 2151.31, 2151.31.1, O.R.C. 2151.312, O.R.C. 2151.31.2, O.R.C. 2151.14, O.R.C. 2151.28, O.R.C. 2151.314, O.R.C. 2151.419(A)(B)."

I

**{¶12}** Appellant, in his first assignment of error, appears to argue that the trial court's determination that the children were neglected and dependent is not supported by clear and convincing evidence.

**{¶13}** As this Court recently stated in *In re Pierce,* 5th Dist. No. CT2008–0019, 2008–Ohio–6716, a trial court's adjudication of a child as abused, neglected, or dependent must be supported by clear and convincing evidence. R.C. 2151.35. Clear and convincing evidence is that which produces "in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established." *In Re: Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985), quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954). When this Court reviews an adjudication to determine whether the judgment is supported by clear and convincing evidence, we must determine whether the trier of fact had sufficient evidence before it to satisfy the clear and convincing degree of proof. *In Re: Christian,* 4th Dist. No. 04CA10, 2004–Ohio–3146, citations omitted.

**{¶14}** Dependency is defined by R.C. 2151.04, which provides in pertinent part:

**{¶15}** "As used in this chapter, 'dependent child' means any child:

**{¶16}** "(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship;

**{¶17}** "(D) To whom both of the following apply:

**{¶18}** "(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an

adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.

{¶19} "(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household."

{¶20} The focus of a charge that a child is dependent under R.C. 2151.04(C) is on the child and his condition and not on the faults of the parents." *In Re Bishop*, 36 Ohio App.3d 123, 521 N.E.2d 838 (5th Dist. 1987); *In re: Bibb*, 70 Ohio App.2d 117, 435 N.E.2d 96 (1st Dist. 1980); *In re: Riddle*, 79 Ohio St.3d 259, 680 N.E.2d 1227 (1977).

{¶21} Neglect is defined by R.C. 2151.03, which provides in pertinent part:

{¶22} "As used in this chapter, 'neglected child' includes any child:

{¶23} "(2) Who lacks adequate parental care because of the faults or habits of the child's parents, guardian, or custodian;"

{¶24} We find that the judgment finding the children to be dependent and neglected is not against the manifest weight of the evidence. As is stated above, at the September 19, 2012, the mother stipulated to the findings in the complaint, with the exception of paragraph one which was dismissed. She thus stipulated to the following findings:

{¶25} "2. [T.H.] has neglected and or failed to appropriately supervise her minor children and the same is neglect. [J.H.] and her older son who is in the custody of the Guernsey County Juvenile Court have engaged and continued to engage in significant

criminal behavior. [T.H.] has failed to provide any appropriate supervision for these children and the same is neglect.

{¶26} "3. There is a significant history of involvement with these children in Guernsey County involving numerous complaints to children services and involvement with that entity. Despite the provision of services from Guernsey County Children Services, [T.H.] has failed to address ongoing concerns related to alcohol abuse and supervision.

{¶27} "4. [H.H.], the father of the children, is currently serving an eight year prison sentence for kidnapping and having a weapon under disability. He will not be released until after all of the children have reached the age of majority. His current incarceration deprives the minor children of adequate and necessary parental care and is neglect.

{¶28} "5. The condition and environment of the children, as outlined above, is such that the State in their best interest is warranted in intervening in their care and custody."

{¶29} At hearing, Crystal Lawless testified that appellant was incarcerated and was serving an eight year sentence for weapons under disability and kidnapping. She further testified that appellant would not be released until after the children reached the age of majority.

{¶30} Based on the foregoing, we find sufficient, credible evidence existed to support the trial court's adjudication of the children as neglected and dependent children.

{¶31} Appellant's first assignment of error is, therefore, overruled.

II

**{¶32}** Appellant, in his second assignment of error, contends that the trial court abused its discretion in placing the children in the temporary custody of the agency.

**{¶33}** Appellant argues, in part, that the trial court erred in failing to follow the requisites of R.C. 2151.28(B)(1).

**{¶34}** R.C. 2151.28 states in relevant part, as follows:

**{¶35}** "(B) At an adjudicatory hearing held pursuant to division (A)(2) of this section, the court, in addition to determining whether the child is an abused, neglected, or dependent child, shall determine whether the child should remain or be placed in shelter care until the dispositional hearing. When the court makes the shelter care determination, all of the following apply:

**{¶36}** "(1) The court shall determine whether there are any relatives of the child who are willing to be temporary custodians of the child. If any relative is willing to be a temporary custodian, the child otherwise would remain or be placed in shelter care, and the appointment is appropriate, the court shall appoint the relative as temporary custodian of the child, unless the court appoints another relative as custodian. If it determines that the appointment of a relative as custodian would not be appropriate, it shall issue a written opinion setting forth the reasons for its determination and give a copy of the opinion to all parties and the guardian ad litem of the child."

**{¶37}** As noted by the court in *In re A.V.*, 4th Dist. No. No. 08CA31, 2009-Ohio-886, "[t]hus, R.C. 2151.28(B)(1) requires a trial court to determine whether there are any 'appropriate' relatives of an abused, neglected, or dependent child who are willing to be temporary custodians until the time of the dispositional hearing. Moreover, if there is a

willing relative, the child would otherwise remain in shelter care, and the appointment is appropriate, the court is required to appoint a relative. R.C. 2151.28(B)(1). However, if the court determines that placement with a relative would not be appropriate, the court must issue a written opinion setting forth the reasons for its determination. *Id."* Id at ¶ 7.

**{¶38}** At the September 19, 2012 hearing, the Guardian ad Litem asked that both children remain in the agency's temporary custody. He indicated that they were sending out two interstate home studies to West Virginia, where relatives were located, and that "[w]e have two relatives interested in the youngest child." Transcript at 15. Thus, there were no appropriate relatives for placement at such time. The trial court, therefore, did not violate R.C. 2151.28(B)(1).

**{¶39}** Appellant also asserts that the trial court failed to comply with R.C. 2151.28(L) when issuing its decision.

**{¶40}** R.C. 2151.28(L) provides:

**{¶41}** "(L) If the court, at an adjudicatory hearing held pursuant to division (A) of this section upon a complaint alleging that a child is an abused, neglected, dependent, delinquent, or unruly child or a juvenile traffic offender, determines that the child is a dependent child, the court shall incorporate that determination into written findings of fact and conclusions of law and enter those findings of fact and conclusions of law in the record of the case. The court shall include in those findings of fact and conclusions of law specific findings as to the existence of any danger to the child and any underlying family problems that are the basis for the court's determination that the child is a dependent child."

{¶42} In the case sub judice, the trial court found the children to be neglected and dependent children. As noted by appellee, there is no requirement in the above statute that the trial court include the specific findings upon which it based its determination that the children were neglected, as opposed to dependent, children. Moreover, as is stated above, the mother stipulated to the amended complaint and the trial court accepted her stipulation. Thus, the trial court accepted the facts as set forth paragraphs two through five of the same.

{¶43} Appellant's second assignment of error is, therefore, overruled.

III

{¶44} Appellant, in his third and final assignment of error, argues that the trial court violated numerous provisions in Revised Code Chapter 2151.

{¶45} Appellant initially contends that there was insufficient evidence establishing that the children were neglected and/or dependent. However, as is stated above, the children's mother stipulated to the facts in the amended complaint and, based upon such stipulation and the testimony of Crystal Lawless, the trial court found the children to be neglected and dependent.

{¶46} Appellant also seems to argue that the Newcomerstown Police illegally placed the children with a neighbor. Appellant notes that, at the August 20 2012 hearing, Jaime Grunder testified that the police called the agency around 1:00 a.m. on Sunday morning, August 19, 2012, that one of the children was already at a friend's house, and that "they just agreed to keep him. Keep the children until Monday morning." T. at 7. Grunder further testified that the agency had gone and secured custody of the

children on the date of the hearing. There is nothing in the record establishing that the agency or police did anything illegal.

{¶47} Appellant next contends that Grunder committed perjury based on the allegation of abuse in the complaint. There is nothing in the record supporting his assertion. Moreover, the allegation of abuse was dismissed.

{¶48} Finally, appellant, as noted by appellee, refers to sections regarding written findings of fact regarding a reasonable efforts determination. Appellant, however, does not indicate if, and how, he believes that such sections were violated.

{¶49} Appellant's third assignment of error is, therefore, overruled.

{¶50} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed.

By: Delaney, J.

Gwin, P.J. and

Hoffman, J. concur

_____

_____

_____

                                JUDGES

[Cite as *In re J.H.*, 2013-Ohio-1423.]

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| | : | |
| J.H. AND J.H. | : | |
| | : | |
| | : | |
| | : | JUDGMENT ENTRY |
| | : | |
| | : | |
| | : | |
| | : | CASE NO. 2012 AP 10 0062 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to Appellant.

_____

_____

_____

JUDGES