[Cite as *In re J.D.*, 2013-Ohio-2712.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| J.D. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | Case No. 13-CA-13 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2009-AB-0093

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     June 26, 2013

APPEARANCES:

For Appellant

AARON R. CONRAD
120½ East Main Street
Lancaster, OH 43130

For Roberta Prevette

ADRIENNE LARIMER
118 West Chestnut Street
Lancaster, OH 43130

For J.D.

ALYSSA PARROTT
144 East Main Street
Lancaster, OH 43130

For Appellee

JULIE S. BLAISDELL
239 West Main Street
Suite 101
Lancaster, OH 43130

Guardian ad Litem

KRISTI McANAUL
660 Hill Road North
Pickerington, OH 43147

*Farmer, J.*

{¶1}   On September 22, 2009, J.D., born March 2, 2002, was found to be a dependent child and placed in the temporary custody of appellee, Fairfield County Child Protective Services.  Mother of the child is Roberta Prevette; father is appellant, Lucas Davis.

{¶2}   On March 10, 2011, appellee filed a motion for permanent custody of the child.  On August 17, 2012, appellant filed a motion requesting legal custody of the child be placed with his half-sister, Echo Fox.  Hearings were held on August 21, and November 20, 2012.  By entry filed January 8, 2013, the trial court denied appellant's motion and granted permanent custody of the child to appellee.  Findings of fact and conclusions of law were attached to the entry.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT IT WOULD BE IN THE BEST INTERESTS [OF] J.D. TO PERMANENTLY TERMINATE THE PARENTAL RIGHTS OF LUCAS DAVIS AND PLACE J.D. IN THE PERMANENT CUSTODY OF FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES."

II

{¶5}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT GRANTING LEGAL CUSTODY OF J.D. TO ECHO FOX."

I, II

{¶6}    Appellant claims the trial court erred in granting permanent custody of J.D. to appellee as the evidence was not clear and convincing that custody with him or his half-sister was not in J.D.'s best interests.  We disagree.

{¶7}    R.C. 2151.414(B) enables a trial court to grant permanent custody of a child if the court determines by clear and convincing evidence that it is in the best interests of the child.  Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.  See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985).  "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof."  *Cross,* at 477.

{¶8}    R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interests of a child:

> (D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:
>
> (a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

For the purposes of division (D)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.

{¶9} J.D. has been in appellee's temporary custody for twelve of the last consecutive twenty-two months.

{¶10} On August 21, 2012, appellant filed stipulations wherein he admitted to a lack of compliance with the case plans (Nos. 14, 20, and 21), a criminal history with approximately twenty incarcerations from May 1998 to May 2012 (No. 28), and placement with him was not possible within a reasonable time (Nos. 33, 34, and 35). During the permanent custody hearing, appellant conceded he was unable to care for J.D. and had not supported the child since April 2010. Day 1 T. at 107-108.

{¶11} The trial court incorporated appellant's stipulations into its findings of fact and conclusions of law, and specifically found the following:

Lucas Davis has demonstrated little desire to work towards the goals of the case plan. Although numerous services were offered to Lucas Davis, he has not completed any of the goals of the case plan or services provided to him.

Following the placement of [J.D.] outside her home and notwithstanding reasonable case planning and diligent efforts by Fairfield County Child Protective Services to assist Lucas Davis to remedy the problems that initially caused the child to be placed outside the home, Lucas Davis has failed continuously and repeatedly to substantially remedy the conditions causing [J.D.] to be placed outside the home. Lucas Davis did not utilize services and resources that were made available to Lucas Davis for the purpose of changing parental conduct to allow him to resume and maintain parental duties.

Lucas Davis has demonstrated a lack of commitment towards [J.D.] by failing to regularly support, visit, or communicate with [J.D.] when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for [J.D.].

Lucas Davis has been repeatedly incarcerated, and the repeated incarceration prevents Lucas Davis from providing care for [J.D.].

Lucas Davis concedes that he is not in a position to appropriately parent [J.D.] within a reasonable time and that [J.D.] cannot be placed with Lucas Davis within a reasonable time. This information is relevant to the Court.

{¶12} We find the record clearly and unequivocally substantiates the trial court's findings of fact and conclusions of law as to appellant's ability to care, support, and nurture J.D.

{¶13} Appellant also argues that despite his failures, the trial court should have granted legal custody to his relative placement, his half-sister, Echo Fox. In its findings of fact filed January 8, 2013, the trial court found the following:

On August 17, 2012, Lucas Davis filed a motion requesting that [J.D.] be placed in the legal custody of his half-sister, Echo Fox. This motion was scheduled for a hearing on August 21, 2012 and November 20, 2012. Echo Fox did not appear before the Court on either hearing date. Echo Fox lives in Indiana. When considering whether [J.D.] should be placed with Echo Fox, the Court would require a home study from the

State of Indiana to determine whether the residence and environment of Echo Fox would be appropriate for the placement of [J.D.]. There is no such home study before the Court. [J.D.] has not had any contact with Echo Fox since approximately 2006 or 2007. All this information is relevant to the Court. Given these circumstances, the Court cannot find that it is in the best interest of [J.D.] for her to be placed in the legal custody of Echo Fox.

{¶14} In its entry filed January 8, 2013, the trial court determined the following:

At the conclusion of the testimony, Aaron Conrad, attorney for Lucas Davis, made an oral motion to continue the father's motion for legal custody to the paternal aunt, Echo Fox, until a later date, as Echo Fox did not attend the hearing. The Court noted that Echo Fox has had two opportunities to be present at the hearing on the motion to give her legal custody of [J.D.], but Echo Fox did not attend the August 21, 2012 hearing, nor did she attend the November 20, 2012 hearing. Based on her failure to attend and other information presented to the Court, the Court OVERRULED Attorney Conrad's oral motion for a continuance.

{¶15} Ms. Fox lived in Indiana and did not request a home study. Day 2 T. at 50-51. She has had no contact with J.D. since 2009. *Id.* at 51.

{¶16} J.D. has bonded with her half-siblings and it is preferable to keep them together. Day 2 T. at 56. In fact. J.D. wishes to be with her half-siblings. Day I T. at 82.

{¶17} Upon review, we find the trial court did not err in denying appellant's motion for relative placement, and find the trial court had clear and convincing evidence to find the best interests of the child was best served by granting permanent custody to appellee.

{¶18} Assignments of Error I and II are denied.

{¶19} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

_____

_____

_____

JUDGES

SGF/sg 522

[Cite as *In re J.D.*, 2013-Ohio-2712.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF: : 
 : 
J.D. : JUDGMENT ENTRY 
 : 
 : 
 : 
 : 
 : CASE NO. 13-CA-13


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile division is affirmed. Costs to appellant.



_____



_____



_____

JUDGES