[Cite as *In re B.P.*, 2013-Ohio-2711.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| B.P. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | |
| | : | Case No. 13-CA-12 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common
Pleas, Juvenile Division, Case No.
2011-AB-0069

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      June 26, 2013

APPEARANCES:

For Appellant      For Appellee

MICHELLE L. EDGAR      JULIE S. BLAISDELL
414 East Main Street      239 West Main Street
Suite 200      Suite 101
Lancaster, OH 43130      Lancaster, OH 43130

For Christopher Oiler      Guardian ad Litem

GILBERTO J. CHARRIEZ      KRISTI McANAUL
P.O. Box 1091      660 Hill Road North
Lancaster, OH 43130      Pickerington, OH 43147

For Roberta Prevette      For B.P.

ADRIENNE LARIMER      JAMES DYE
118 West Chestnut Street      P.O. Box 161
Lancaster, OH 43130      Pickerington, OH 43147

*Farmer, J.*

{¶1}   On May 3, 2011, B.P., born January 19, 2011, was found to be an abused child and placed in the temporary custody of appellee, Fairfield County Child Protective Services.   Mother of the child is Roberta Prevette; father is Christopher Oiler.   Sherry Oiler is the child's paternal grandmother, appellant herein.

{¶2}   On August 1, 2011, appellee filed a motion for permanent custody of the child.   On August 23, 2011, appellant filed a motion requesting legal custody of the child.   Hearings were held on August 21, and November 20, 2012.   By entry filed January 8, 2013, the trial court overruled appellant's motion and granted permanent custody of the child to appellee.   Findings of fact and conclusions of law were attached to the entry.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows:

I

{¶4}   "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING BY CLEAR AND CONVINCING EVIDENCE THAT IT WOULD BE IN THE BEST INTEREST OF B.P. FOR PERMANENT CUSTODY TO BE GRANTED TO FAIRFIELD COUNTY CHILD PROTECTIVE SERVICES INSTEAD OF GRANTING LEGAL CUSTODY TO THE PATERNAL GRANDMOTHER, APPELLANT, SHERRY OILER."

I

{¶5}   Appellant claims the trial court erred in granting permanent custody of B.P. to appellee as the evidence was not clear and convincing that legal custody with her was not in B.P.'s best interests.   We disagree.

{¶6} R.C. 2151.414(B) enables a trial court to grant permanent custody of a child if the court determines by clear and convincing evidence that it is in the best interests of the child. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus. See also, *In re Adoption of Holcomb,* 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross,* at 477.

{¶7} R.C. 2151.414(D)(1) sets forth the factors a trial court shall consider in determining the best interests of a child:

(D)(1) In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 of the Revised Code, the court shall consider all relevant factors, including, but not limited to, the following:

(a) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;

(b) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

(c) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period and, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state;

(d) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

(e) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.

For the purposes of division (D)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after the removal of the child from home.

{¶8}     While agreeing that B.P. has been in appellee's temporary custody for twelve of the last consecutive twenty-two months, appellant argues appellee "basically shut the door to the possibility of Mr. (sic) [Ms.] Oiler having placement of B.P. and never looked back."  Appellant's Brief at 11.

{¶9}    In its findings of fact filed January 8, 2013, the trial court found the following:

[B.P.] suffered injuries when she was an infant and it has not been determined how the injuries occurred or who is responsible for the injuries. Sherry Oiler is one of the three people who may be responsible for injuries to [B.P.]  Christopher Oiler is not currently residing with Sherry Oiler, but has lived with her for most of his life.  Christopher Oiler has not been honest about his relationship with Roberta Prevette, who is the third person who may have been responsible for the injuries to [B.P.]   If Christopher Oiler were allowed unsupervised access to [B.P.], there is a reasonable cause to believe that he would allow Roberta Prevette to have access to the child.  Sherry Oiler's ex-husband, with whom she had a history of violence due to his alcohol use, has been to her home and brought alcohol to her home.  Placement of the half siblings of [B.P.] with Sherry Oiler in the past did not prove to be a successful placement.

All of this information is relevant to the Court.  It is imperative that [B.P.] receive stability in her life.  If she were to be placed in the legal custody of Sherry Oiler, history indicates that she could be at risk for physical harm, and at risk of contact with individuals who abuse drugs and/or alcohol.  Given these circumstances, the Court cannot find that it is in the best interest of [B.P.] for her to be placed in the legal custody of Sherry Oiler.

{¶10} The guardian ad litem identified two issues mitigating against placement with appellant. The first was the initial placement of B.P.'s half-siblings with appellant which generated reports by those children related to their care. Day 2 T. at 178, 184-185. The second was the extent of B.P.'s injuries which manifested while B.P. was in appellant's home. *Id.*

{¶11} B.P. was born on January 19, 2011. On February 28, 2011, B.P. suffered six fractured ribs and a fractured left wrist. At the time of the hearings, no criminal charges had been filed related to the injuries. The guardian ad litem and the social worker opined that appellant and/or her son, B.P.'s father, knew who cause the injuries or caused the injuries themselves. Day 2 T. at 37, 71-72, 186.

{¶12} Appellant's home environment was in question. She was unable to handle the placement of the half-siblings. Day 2 T. at 46-47, 178. Her ex-husband had domestic violence issues and there was a concern about his presence in the home. *Id.* at 44-45. The guardian ad litem and the social worker believed appellant could not protect B.P. from her ex-husband and her son who continued contact with B.P.'s mother who relinquished her parental rights by stipulation. Day 1 T. at 8; Day 2 T. at 43-45, 182, 186-187, 190-191, 195.

{¶13} Although faced with appellant's willingness and ability to care, the trial court nevertheless balanced this willingness against the possibility of further injury to B.P. Whoever the person was who caused the injuries to the one month old, the injuries occurred while appellant and her son were in control. We find this overriding element supports the trial court's conclusion.

{¶14} Upon review, we find the trial court did not err in overruling appellant's motion for legal custody of B.P., and find the trial court had clear and convincing

evidence to find the best interests of the child was best served by granting permanent custody to appellee.

{¶15}  The sole assignment of error is denied.

{¶16}  The judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.



_____

_____

_____

JUDGES

SGF/sg 522

[Cite as *In re B.P.*, 2013-Ohio-2711.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF:               :

                          :

B.P.                         :          JUDGMENT ENTRY

                          :

                          :

                          :

                          :          CASE NO. 13-CA-12


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division is affirmed. Costs to appellant.


_____


_____


_____

JUDGES